## McFADDEN v. INNES.

(Supreme Court, Special Term, New York County. October 8, 1908.)

1. ATTACHMENT (§ 166*)—PROCEEDINGS TO PROCURE—JURISDICTION OF PROPERTY ATTACHED—CUSTODY OF SHERIFF.

Under Code Civ. Proc. § 648, permitting the levy of an attachment on a cause of action arising upon contract, including notes, negotiable or otherwise, executed either within or without the state, which belongs to defendant and is within the county, and section 649, requiring a levy of attachment to be made upon notes, etc., by taking actual custody thereof, an indebtedness to defendant, represented by notes not within the jurisdiction of the court, and which were never in the sheriff's possession,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cannot be attached by service of a copy of the warrant on the maker of the notes.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 481; Dec. Dig. § 166.*]

2. ATTACHMENT (§ 57*)—PROPERTY SUBJECT—RIGHTS OF ACTION—EXISTENCE.

Where defendant sold land, the contract of sale providing that the purchase money should be applied by the vendee to the discharge of certain liens on the property, and that the deed should provide for the removal of the liens, the amount of which was estimated by the parties at the time of conveyance, there being nothing to show that the amount of the liens was overestimated, defendant had no claim on that account which was subject to attachment; the mere fact that some of the liens had not been discharged not creating any indebtedness to defendant, and the vendee's promise to discharge the liens being the consideration for the conveyance.

[Ed. Note.—For other cases, see Attachment, Dec. Dig. § 57.*]

3. ATTACHMENT (§ 61*)—PROPERTY SUBJECT—RIGHTS OF ACTION—EXISTENCE.

Where the contract for the sale of an estimated acreage of land by defendant provided for a resurvey of the land and final settlement based on the acreage shown by the resurvey, the resurvey not having been made, it cannot be said that it will show an underestimate of the acreage conveyed, so as to constitute an indebtedness to defendant which is subject to attachment.

[Ed. Note.—For other cases, see Attachment, Dec. Dig. § 61.*]

4. COURTS (§ 12*)—JURISDICTION—ACTIONS BETWEEN NONRESIDENTS—CONTRACT ACTIONS.

An action for commissions for the sale of land located without the state may be maintained in this state, though both parties are nonresidents.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 40; Dec. Dig. § 12.*]

Action by Louis T. McFadden against John A. Innes. On motion to vacate the levy of an attachment and to dismiss the action. Motion to vacate granted, and motion to dismiss denied.

Putney, Twombley & Putney (E. W. Personius, of counsel), for the motion.

Thomas G. Rambaut (C. La Rue Munson, of counsel), opposed.

GIEGERICH, J. This is a motion to vacate the levy of an attachment and to dismiss the action. The action is brought to recover commissions upon the sale of certain real property belonging to the defendant and situate in the state of West Virginia. Both parties are nonresidents. The land in question was sold to the West Virginia Pulp & Paper Company, a Delaware corporation, by a contract in writing. The contract of sale provided that the consideration was to be paid partly by the cancellation of an indebtedness of the vendor to the vendee of $50,000, for which a lien upon the land had been created, and the balance was to be paid partly in cash on certain dates fixed by the contract and partly in notes; it being further stipulated that the purchase money so provided to be paid in cash should be applied to the satisfaction and discharge of certain liens and incumbrances on the property, until the same should be fully paid and discharged, and that the deed to be given should contain such stipulations in relation to the removal of those liens as might be agreed upon by the parties. It was further provided by the contract that a resurvey of the lands

should be made, and final settlement be based upon the acreage shown by such resurvey at a stipulated price per acre. Shortly after the execution of this contract, and before any resurvey, the property was conveyed by the defendant, at the request of the West Virginia Pulp & Paper Company of Delaware, the vendee in the contract, to a corporation of the same name organized under the laws of West Virginia. In that deed the existing liens were estimated at $265,000, which amount was deducted from the purchase price, and such liens were assumed by the grantee in the deed. The acreage was estimated, and the balance of the purchase price, based upon that estimate, was paid upon delivery of the deed by promissory notes of the Delaware corporation, some of which notes were negotiable, and others, by express provision upon their face, were nonnegotiable. It was provided in the deed that the sale was not of the lands in gross, but was by the acre at a price named, and that either party should have the right at his or its expense to resurvey the property. None of the notes above referred to was within this jurisdiction at the time of the attempted levy of the attachment, and none of them has ever been in the possession of the sheriff. The attempt to levy the attachment was made by the service of a copy of the warrant upon the Delaware corporation at its office in this county, and as a result of this service it is claimed that the indebtedness of the Delaware corporation to the defendant growing out of the transaction above detailed has been attached. So far as that indebtedness was represented by notes, negotiable or otherwise, it is clear that no such result was accomplished. Code Civ. Proc. §§ 648, 649.

It is claimed by the plaintiff, however, that owing to the provisions of the contract concerning the discharge of the liens and providing for a resurvey there was a further indebtedness or obligation which was susceptible of attachment, and which has been attached by the service of the warrant. As to the liens, the fact appears to be that they were estimated by the parties at the time of the conveyance. There is no evidence to show that they were overestimated, and therefore nothing to show the existence of any right to a refund in the defendant or of any cause of action on that ground. So far as the papers submitted throw any light upon this point, the inference is to the contrary. If the amount of the liens was not overestimated, the mere fact that some of them had not been discharged did not create an indebtedness of the vendee to the vendor to that extent. The contract provided for such stipulations in the deed with regard to incumbrances as might be agreed upon by the parties, and the vendor apparently took the promise of the grantee in his deed to discharge the liens as consideration pro tanto for the conveyance. It cannot be said, consequently, that either the vendee in the contract or the grantee in the deed is indebted to the vendor to the extent of that part of the purchase price which was deducted or retained for this purpose and has not yet been applied. Probably the vendee in the contract is under no further obligation in this regard; but at all events neither the vendee in the contract nor the grantee in the deed owes the vendor anything at all except the duty to discharge the liens. There is no indebtedness, and nothing to attach, nor has any attempt been made to attach any debt of the West

Virginia corporation, the grantee in the deed. Now, as to the possibility of a resurvey, if one be had, and its showing an underestimate of the acreage, the same thing may be said as has been said of a possible overestimate of the liens. A cause of action cannot be deemed to be sufficiently made out; for it is not yet known whether the resurvey will be had, or whether more or less than the estimated acreage will be shown to have been conveyed.

The motion, so far as it seeks to vacate the attempted levy upon the indebtedness of the West Virginia Pulp & Paper Company of Delaware to the defendant, should therefore be granted. But that branch of the motion which seeks to have the action itself dismissed should be denied. The action is upon contract, and no exceptional facts are shown which require a departure from the rule that our courts will entertain jurisdiction of such actions, notwithstanding the fact that both parties are nonresidents. Wertheim v. Clergue, 53 App. Div. 122, 65 N. Y. Supp. 750; Bridges v. Wade, 110 App. Div. 106, 97 N. Y. Supp. 156.

Motion disposed of as indicated, without costs to either party.