### WERTHEIM v. CLERGUE.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

COURTS—JURISDICTION—NONRESIDENTS—CAUSE OF ACTION—COMMERCIAL TRANSACTIONS—PROPERTY RIGHTS.

Where plaintiff, a resident of Germany, brought an action in the state of New York for deceit against a resident of another state for false representations inducing plaintiff to buy merchandise for which payments were to be made by draft of the seller on New York, accompanied by certificates of sworn weighmasters, and alleged that defendant had used false weight certificates with intention to defraud plaintiff, it was error to dismiss the complaint for want of jurisdiction, since the cause of action arose out of commercial transactions affecting property rights, some of which, at least, arose in the state.

Action by Sally Wertheim against Francis H. Clergue. Exceptions to an order dismissing the complaint for want of jurisdiction were ordered to be heard in the first instance in the appellate division. Exceptions sustained.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Charles H. Williams, for the motion.
James D. Fessenden, opposed.

PATTERSON, J. This is an action for deceit, the complaint setting forth two causes of action founded upon alleged false representations of the defendant, by reason of which the plaintiff was induced to enter into a contract with a corporation organized under the laws

of the state of Maine, and in which corporation, it was further alleged, the defendant was the sole person financially interested. It is stated in the complaint that the alleged false representations were made by the defendant with intent to defraud the plaintiff. In the first cause of action it is charged that, relying upon alleged false representations so made, the plaintiff agreed to purchase a certain quantity of merchandise at a certain price, the terms of payment to be by draft of the seller on New York bankers, with shipping documents attached, accompanied by certificates of sworn weighmasters. It is further alleged that the defendant, with the intent to defraud the plaintiff, attached to shipping documents false weight certificates, signed by persons who were not, and never had been, sworn weighers, and that the plaintiff duly made payment for the merchandise. The answer, among other things, sets forth that both the plaintiff and the defendant are nonresidents of the state of New York; that the plaintiff was a resident of Germany, and the defendant of the state of Maine, and that the contracts mentioned in the complaint between the plaintiff and the corporation were not to be and were not performed within the state of New York, and the breach thereof, if any occurred, did not happen within the state of New York. There are formal denials in the answer of the alleged fraudulent representations. When the case was called for trial an admission was put upon the record that both the parties were nonresidents of the state of New York. Thereupon the "defendant moved to dismiss the complaint for want of jurisdiction upon the pleadings and proceedings for the reason that the parties were both nonresidents when the action was commenced, and that the cause of action alleged is for a tort." The plaintiff offered to read affidavits showing, among other things, "that the cause of action arose in the state of New York, when and where the payments were made which were induced by the deceit alleged." The learned trial judge refused to allow the affidavits to be read, and dismissed the complaint, ordering the exceptions taken to his ruling to be heard in the first instance at the appellate division.

From the record, as it is presented, we are unable to ascertain whether the dismissal of the complaint was put specifically upon the ground that the court was absolutely without jurisdiction, or, in the exercise of discretion, it declined jurisdiction, and refused to hear the cause. That it had jurisdiction of both the parties and the subject-matter is clear. As a court of general original jurisdiction, it had ample authority to entertain a transitory action. The courts of this state are open to alien friends as well as to residents (Palmer v. De Witt, 47 N. Y. 532), and in transitory actions, as a general rule, a plaintiff may be heard in any forum having jurisdiction of the subject-matter, and which has acquired, by due process of law, jurisdiction over the person of a defendant. There are cases in which courts will decline jurisdiction in actions between foreigners or nonresidents, and it is doubtless that line of cases the learned trial judge had in mind when he dismissed the complaint in this action. It has become the settled law of this state that its courts will not entertain certain actions of tort between nonresidents where the cause of action arose outside of the territorial jurisdiction of the state, unless special rea-

sons are shown why it should do so; but in all the cases in which the question has arisen the actions were for personal injuries or personal wrongs, and not actions growing out of or connected with commercial transactions, as is the case at bar. The authorities relied upon by the defendant are leading cases on this subject. In Robinson v. Navigation Co., 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636, the action, which was between the administrator of a nonresident decedent and a foreign corporation to recover damages for wrongfully and negligently causing the death of the intestate, was dismissed for want of jurisdiction. In that case the defendant was a foreign corporation. Jurisdiction over foreign corporations is purely statutory in the state of New York. It could not be acquired by consent in that action, and the cause of action did not arise within the state of New York. Ferguson v. Neilson (Sup.) 11 N. Y. Supp. 524, was an action for personal injuries between nonresident parties. Jurisdiction was declined in that case, although it was between natural persons. The general term of the supreme court, by Van Brunt, P. J., stated the rule to be well settled in this state that, "unless special reasons are shown to exist which make it necessary or proper to do so, the courts will not retain jurisdiction of and determine actions between parties resident in another state for personal injuries received in that state"; and he further remarked, "The reason of the rule is obvious, because the courts of this state should not be vexed with litigations between nonresidents over causes of action arising outside of our territorial limits;" and, referring to Robinson v. Navigation Co., supra, quoted therefrom the following: "Every rule of comity and natural justice and convenience is satisfied by giving redress in our courts to nonresident litigants when the cause of action arose, or the subject-matter of litigation is situated, within this state." These remarks, although general, are to be considered in connection with the nature of the particular causes of action involved in the cases in which the expressions are used. In Burdick v. Freeman, 46 Hun, 138, the subject is very fully considered in the opinion written at the general term of the supreme court. That was an action to recover damages for the defendant's enticing away the plaintiff's wife and harboring and debauching her. All the parties resided in another state. It was held that the question whether or not the court would retain jurisdiction of and determine the action rested in sound discretion, and that jurisdiction would not be retained unless reasons were shown which made it necessary and proper so to do. In the opinion of the court Mr. Justice Haight considers the earlier cases; notably Gardner v. Thomas, 14 Johns. 134; Johnson v. Dalton, 1 Cow. 543; Molony v. Dows, 8 Abb. Prac. 316; Dewitt v. Buchanan, 54 Barb. 31. Each of those actions was to recover damages for personal injuries or personal wrongs. Burdick v. Freeman was taken to the court of appeals (120 N. Y. 420, 24 N. E. 949), and that court, in the Second division, in an opinion by Follett, C. J., concurred in by all the judges (except Bradley and Haight, who did not sit, they having taken part in the decision of the cause at the general term), said: "The courts of this state may, in their discretion, entertain jurisdiction of such an action between citizens of another state actually domiciled therein when the action

was begun and tried, though the injury was committed in the state of their residence and domicile;" citing cases, and further holding that the judgments in Molony v. Dows, 8 Abb. Prac. 316, and Latourette v. Clark, 30 How. Prac. 242, in so far as they hold otherwise, must be regarded as overruled. Thus we have fully established a rule that the courts of this state, in the exercise of a sound judicial discretion, will decline jurisdiction in actions between foreigners or nonresidents founded upon personal injuries or purely personal wrongs, unless special circumstances are shown to exist which require the retention of jurisdiction. But we know of no reason founded in public policy, and certainly nothing resting in precedent, which will close the courts of this state to nonresident suitors who invoke their aid against other nonresidents sojourning within our borders for the enforcement of causes of action arising out of commercial transactions and affecting property or property rights. No such narrow or illiberal policy has yet been declared by our courts. Nor do we know of any cases in which the courts of this state have refused to entertain jurisdiction where a nonresident plaintiff has sought to protect his property rights as against a nonresident defendant served with process, and properly and duly brought into court. In the case at bar we see nothing in the situation of the parties which should induce the court to remit them to another jurisdiction, and we certainly do not intend to establish a precedent which would shut our courts to great numbers of foreign merchants, nonresidents of the state, who may find their nonresident debtors, fraudulent or honest, temporarily within our jurisdiction; and especially in cases where some part of the transactions, at least, took place within the state, although the cause of action may not be said technically and accurately to have arisen within the state. Here it appeared by the pleadings before the court that with respect to the cargoes of merchandise in the first cause of action payment was to be made, and the allegation of the complaint is that it was duly made by drafts on bankers in the city of New York, and the false averments were attached to those drafts thus duly paid.

We think the learned trial judge erred in dismissing the complaint and refusing to try the cause, and the exceptions must be sustained, and a new trial ordered, with costs to plaintiff to abide the event. All concur.