THOMAS EDWARD RICHTER, by HARRY J. RICHTER, His Guardian ad Litem, Plaintiff, *v.* CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Defendant.

Supreme Court, New York Special Term, May 14, 1924.

Corporations — foreign corporation — action by non-resident against foreign corporation for negligence happening in distant state — defendant doing business within this state — courts in their discretion will exercise jurisdiction.

The courts of this state in their discretion will exercise jurisdiction in an action by a resident of the state of Connecticut against an Illinois corporation doing business in this state to recover for the negligence of the defendant growing out of an accident which occurred in the state of Oklahoma, where no fraud or collusion is alleged and nothing is shown to indicate an imposition on the courts of this state.

MOTION by defendant to dismiss plaintiff's complaint.

*Battle, Vandiver, Levy & Van Tine* (*Ludlow S. Fowler,* of counsel), for the plaintiff.

*Rearick, Dorr, Travis & Marshall* (*James H. Purdy, Jr.,* of counsel), for the defendant.

LEVY, J. Motion by defendant to dismiss the complaint seemingly as a matter of discretion. Plaintiff is a non-resident and defendant is a foreign corporation. The action is to recover damages for injuries caused plaintiff as a result of the alleged negligence of the defendant through its agents and employe s

in the state of Oklahoma. In order to bring the case within the requirements of subdivision 4, section 47 of the General Corporation Law (Laws of 1920, chap. 916), the complaint alleges that the defendant had two offices in the state of New York, one for the regular transaction of business and the other for the transaction of financial matters relating to the defendant. Defendant's motion is predicated on the ground (1) that it was not doing business in this state at the time of the commencement of this action, and (2) that the cause of action having accrued wholly without the state of New York, the jurisdiction of this court by reason of the non-residence of the parties hereto is wholly discretionary and the court should not in the exercise of its discretion assume that jurisdiction. By section 1780 of the Code of Civil Procedure, jurisdiction over foreign corporations, when a non-resident or a foreign corporation was plaintiff, was restricted to matters situate or arising within the state and is, therefore, immaterial to the question under consideration. However, chapter 60 of the Laws of 1913 extended the jurisdiction of the courts of this state in actions between such non-resident and foreign parties to a case " where a foreign corporation is doing business within this state." Nevertheless, the court will not assume jurisdiction unless it is shown conclusively that the defendant foreign corporation was actually doing business in the state at the time the action was commenced. I confess that a determination of this vital point from the pleadings and the affidavits submitted is no simple task, yet the latter, especially the one presented in opposition to this motion, impel me to hold that the defendant was doing business within our state. If the defendant was doing business in the state, exercising or refusing to exercise jurisdiction is discretionary (*Waisikoski* v. *Philadelphia & Reading C. & I. Co.,* 173 App. Div. 538; affd., on opinion of Jenks, P. J., 228 N. Y. 581), and when special reasons appear, as is urged by the moving party in the instant case, the court should exercise that discretion in favor of the party seeking redress for an alleged wrong. Notwithstanding this, I do not feel that the defendant is entitled to this relief. The plaintiff lives in the state of Connecticut, an adjoining state, and comes into this jurisdiction because he was able to secure service of the process on the defendant, a foreign corporation organized under the laws of Illinois. The legislature by the very addition of subdivision 4 of section 47 of the General Corporation Law undoubtedly contemplated just such a situation as this. The facts dictate the assumption of jurisdiction. No fraud or collusion is alleged and nothing is shown which would indicate an imposition on the courts of this state. If the plaintiff has secured jurisdiction over the defendant, he is entitled, on

the broad principle of comity existing between the states, in the absence of fraud, to pursue his action in this state. It would be imposing a hardship on him under his present condition to require him to go to the state of Oklahoma, where the accident occurred, whereas the defendant could more easily defend the action here. In reaching this conclusion I am not unmindful of the cases which have been cited by the defendant, but do not feel bound by them as altogether different circumstances and facts motivated those courts in refusing to entertain jurisdiction. In the case of *Pietraroia* v. *New Jersey & Hudson Ry. & Ferry Co.,* 197 N. Y. 434, and *Hoes* v. *New York, N. H. & H. R. R. Co.,* 173 id. 435, jurisdiction was declined and properly so because the court found that there was collusion and fraud in the proceedings of appointing an administrator. In the cases of *Bagdon* v. *Philadelphia & Reading Coal & Iron Co.,* 178 App. Div. 663; *Waisikoski* v. *Philadelphia & Reading Coal & Iron Co., supra,* and *Brennan* v. *Philadelphia & Reading Coal & Iron Co.,* N. Y. L. J. March 8, 1917, the parties were residents of Pennsylvania and the causes of action arose in that jurisdiction, and, therefore, the courts refused to exercise their discretion in taking jurisdiction, particularly because of the proximity of the states, it being much easier to pursue the cause of action where all the parties reside and where it arose. In the present case the situation is different. The cited cases are, therefore, inapplicable here. The motion is, therefore, denied.

Ordered accordingly.