JAMES H. MURNAN, Respondent, v. WABASH RAILWAY COMPANY, Appellant.

Courts — jurisdiction — State courts may decline jurisdiction of action for tort committed in foreign State where both parties are non-residents even though brought under a Federal statute — motion to vacate service of summons should be granted or denied only in exercise of sound discretion.

The courts of this State exercise their discretion in all other cases where a tort action is brought by one non-resident against another and, therefore, may refuse, in their discretion, to entertain jurisdiction over a cause of action arising out of a tort committed in a sister State, where both the plaintiff and defendant are non-residents, even though the action be brought under the Federal Employers' Liability Act. A litigant who brings his action under that act stands before the court in no different attitude than a litigant who brings his action under the statute of a sister State. He may not be cast out because he is suing under the act of Congress. He may not enforce his rights merely because he is suing under the act. A motion for an order vacating service of the summons in such an action should not be granted as matter of law, nor should it be denied except in the exercise of a sound discretion. (*Mondou* v. *N. Y., N. H. & H. R. R. Co.*, 223 U. S. 1, distinguished.)

*Murnan* v. *Wabash Railway Co.*, 220 App. Div. 218, reversed.

(Argued October 5, 1927; decided October 18, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 14, 1927, which reversed, as matter of law, an order of Special Term granting a motion by defendant to vacate service of the summons and complaint, and denied the motion.

*H. Brua Campbell, Winslow S. Pierce, N. S. Brown* and *F. C. Nicodemus, Jr.*, for appellant. The Supreme Court, in the exercise of its sound discretion, properly refused to entertain jurisdiction over the present action. (*Payne* v. *N. Y., S. & W. R. R. Co.*, 157 App. Div. 302; *Bagdon* v. *P. & R. Coal & Iron Co.*, 178 App. Div. 662;

*Waisikoski* v. *P. & R. Coal & Iron Co.,* 173 App. Div. 538; 228 N. Y. 581; *Collard* v. *Beach,* 81 App. Div. 582; *Brennan* v. *P. & R. Coal & Iron Co.,* 178 App. Div. 920; *Pietraroia* v. *N. J. & H. R. R. & F. Co.,* 197 N. Y. 434; *Gregonis* v. *P. & R. Coal & Iron Co.,* 235 N. Y. 152.) The judicial discretion vested in the Supreme Court by the laws of this State to hear and determine, or to decline to hear and determine controversies between non-residents, is an integral part of the jurisdiction of that court. It is beyond the power of Congress to increase or diminish such jurisdiction, or to impair it in any way; and no attempt was made to do so in the enactment of the Federal Employers' Liability Act. (*Second Employers' Liability Cases,* 223 U. S. 1; *Chambers* v. *B. & O. R. R. Co.,* 207 U. S. 142; *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Taylor,* 210 U. S. 281; *Buffington* v. *Day,* 11 Wall. 113; *Walton* v. *Pryor,* 276 Ill. 563; *Loftus* v. *Pennsylvania R. R. Co.,* 107 Ohio St. 352.)

*Charles D. Lewis, John Ambrose Goodwin, Leonard F. Fish* and *Thomas J. O' Neill* for respondent. The court is without power under a motion of this nature to dismiss the complaint in an action under the Federal Employers' Liability Act. (*Mondou* v. *N. Y., N. H. & H. R. R. Co.,* 223 U. S. 1; *Taylor* v. *Taylor,* 144 App. Div. 634; 204 N. Y. 135; 232 U. S. 363; *Missouri* v. *Taylor,* 266 U. S. 200; *Ulrich* v. *N. Y., N. H. & H. R. R. Co.,* 193 Fed. Rep. 768; *Southern R. R. Co.* v. *Lloyd,* 239 U. S. 496; *Kansas City Southern R. Co.* v. *Leslie,* 238 U. S. 599; *Martin* v. *N. Y., N. H. & H. R. R. Co.,* 241 Fed. Rep. 696.)

Pound, J.  This action is brought under the Federal Employers' Liability Act to recover $50,000 damages for personal injuries alleged to have been sustained by plaintiff on February 28, 1926, while in the defendant's employ at the defendant's Oakwood yard at Detroit, Michigan, as the result of being thrown from the top of a caboose

which collided with a locomotive. The defendant is an Indiana corporation. It maintains an office in this State for the conduct of its financial business and also for the purpose of soliciting freight and passenger business, and is to that extent doing business in this State. Plaintiff is a resident of Waterbury, Connecticut.

Defendant moved to vacate the service of the summons and complaint and to dismiss the action on the ground that the cause of action having accrued wholly without the State of New York, the jurisdiction of the Supreme Court, by reason of the non-residence of the parties hereto, is wholly discretionary, and that the court should, in the exercise of such discretion, decline to retain jurisdiction thereof. The motion was granted on this ground.

The Appellate Division reversed, denied the motion and certified the following questions to this court:

" (1) Are the courts of this State invested with any discretion to decline jurisdiction of an action brought under the Federal Employers' Liability Act by a non-resident of the State of New York against a foreign railroad corporation, doing business in the State of New York at the time of the commencement of the action?

" (2) Should the motion of the defendant railway company for an order vacating the service of the summons and complaint herein and dismissing the action have been granted *as a matter of law?* "

Section 47 of the General Corporation Law (Cons. Laws, ch. 23) provides:

" An action against a foreign corporation may be maintained by another foreign corporation, or, by a non-resident, in one of the following cases only: * * * 4. Where a foreign corporation is doing business within this state."

Although the rule prohibits a court of general jurisdiction from refusing to exercise its jurisdiction in its discretion, it has often been held that the courts of this State may refuse in their discretion to entertain juris-

diction over causes of action arising out of a tort committed in a sister State where both the plaintiff and defendant are non-residents. (*Gregonis* v. *P. & R. Coal & Iron Co.*, 235 N. Y. 152, 160, and cases cited.) While no controlling reason compelled, the Special Term refused to assume jurisdiction; it refused, it would seem, for reasons of convenience, to hear the case and vacated the service of the summons under the authorities referred to.

The Appellate Division held that the Federal Employers' Liability Act which conferred, or recognized, concurrent jurisdiction in the State courts made it mandatory upon the State court not to refuse to exercise its jurisdiction, when it had such jurisdiction, in any case brought under the act. It relied on the case of *Mondou* v. *N. Y., N. H. & H. R. R. Co.* (223 U. S. 1). The case is authority for the bare proposition that where the State courts would exercise their jurisdiction except for the fact that the action is brought under the act of Congress, they may not refuse to exercise jurisdiction because the action is brought under the laws of the United States. The court said: " The existence of the jurisdiction creates an implication of duty to exercise it * * *. We conclude that rights arising under the act in question may be enforced, as of right, in the courts of the States when their jurisdiction, as prescribed by local laws, is adequate to the occasion." (p. 58.)

This general language read in connection with what was actually decided means nothing more than that the State courts must make no hostile discrimination against litigants who come within the act in question; that they must treat litigants under the Federal act as other litigants are treated; that they are to act in conformity with their general principles of practice and procedure and are not to deny jurisdiction merely because the right of action arises under the act of Congress.

The court seems to make this meaning clear. It says in substance that it is advised by decisions of the Supreme

Court of Errors that the Superior Courts of the State of Connecticut are not only empowered to take cognizance of actions to recover for personal injuries and death but *are accustomed* to exercise that jurisdiction in cases where the right of action arises under the laws of another State. It says further: " We deem it well to observe that there is not here involved any attempt by Congress to enlarge or regulate the jurisdiction of state courts or *to control or affect their modes of procedure,* but only a question of the duty of such a court, when its ordinary jurisdiction as prescribed by local laws is appropriate to the occasion and is invoked in conformity with those laws, to take cognizance of an action to enforce a right of civil recovery arising under the Act of Congress and susceptible of adjudication according to the *prevailing rules of procedure.*" (p. 57.)

The courts of New York exercise their discretion in all other cases where a tort action is brought by one non-resident against another under the laws of another State. The practice may be anomalous but it is well established. That Congress has undertaken to regulate the exercise of jurisdiction by our courts by making compulsory what in other similar cases is discretionary, seems an unreasonable conclusion and a resulting invasion of the powers of our tribunals as heretofore exercised. We conclude that a litigant who brings his action under the Federal Employers' Liability Act stands before the court in no different attitude than a litigant who brings his action under the statute of a sister State. He may not be cast out because he is suing under the act of Congress. He may not enforce his rights merely because he is suing under the act.

The motion of the defendant for an order vacating the service of the summons should not have been granted as matter of law. Neither should it have been denied except in the exercise of a sound discretion. The rules of liability under the Federal act are of general application. They are in this respect wholly unlike local statutes, peculiar

to the legislative policy of a single State. It is urged with force that it was reasonable for a resident of Connecticut in reduced circumstances to sue the defendant in New York, where he could obtain service of summons, rather than to go to Indiana where defendant was incorporated, or to Michigan where the accident occurred. As we have the case before us on a question of law only and it appears that the Appellate Division has not considered the question of discretion, we may properly remit the case to that court to review the order from that point of view.

The order of the Appellate Division should be reversed, with costs, and the case remitted to that court to review the exercise of discretion by the Special Term. Question number 1 should be answered in the affirmative and question number 2 in the negative.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.