YETTA RANDLE, Plaintiff, *v*. INECTO, INC., Defendant.

Supreme Court, New York County, January 31, 1928.

**Corporations — foreign corporations — plaintiff, resident of Mississippi, suffered injuries in Tennessee by reason of negligence of defendant, Delaware corporation, doing business in this State — plaintiff entitled to sue defendant in this State, provided she furnish undertaking to secure costs — depositions — plaintiff may examine in Tennessee and Mississippi physicians who attended her.**

Plaintiff, a resident of Mississippi, having suffered injuries in Tennessee by reason of negligence of defendant, a Delaware corporation doing business in this State, is entitled to sue defendant in this State, where the cause of action has expired under the Delaware Statute of Limitations and defendant has no place of business in Tennessee. However, she should furnish an undertaking to secure costs.

The plaintiff is also entitled to take testimony in Tennessee and Mississippi of two physicians who attended her.

MOTION by plaintiff to take testimony of witnesses outside of State, and countermotion to dismiss the complaint or in the alternative for security for costs.

*Carmody, Roth & Mayer*, for the plaintiff.

*Reed, Jenkins, Dimmick & Finnegan*, for the defendant.

LEVY, J. Plaintiff moves to take the testimony in Tennessee and Mississippi respectively of two physicians who attended her. The action is brought to recover for injuries alleged to have been incurred as a result of a treatment sold by defendant. The latter meets this motion with a countermotion for an order dismissing the complaint for lack of jurisdiction, or in the alternative for an order requiring plaintiff to furnish security for costs.

Plaintiff is a resident of Mississippi; the cause of action apparently arose in Tennessee; and the defendant is a Delaware corporation doing business, however, in the State of New York. Whether this court will entertain the action in the circumstances is not a question of law but one of discretion. (*Murnan* v. *Wabash Railway Co.*, 246 N. Y. 244.) The Court of Appeals in its opinion indicated that there was considerable force to the contention " that it was reasonable for a resident of Connecticut in reduced circumstances to sue the defendant in New York, where he could obtain service of summons, rather than to go to Indiana where defendant was incorporated, or to Michigan where the accident occurred." (See, also, *Richter* v. *Chicago, R. I. & Pac. R. Co.*, 123 Misc. 234.)

In view of the fact that the defendant had no place of business in Tennessee, where the cause of action accrued, and that although

incorporated in Delaware, the substantial part of its business appears to be done in New York, it seems to me that this court ought not to dismiss the action for lack of jurisdiction, especially since the cause of action has expired under the Delaware Statute of Limitations. Plaintiff manifests a willingness to furnish an undertaking to secure costs which, in any event, she should be required to do.

The motion for the issuance of a commission is, therefore, granted and the countermotion is granted only to the extent of requiring security for costs. Settle order.