DUCK ISLAND CORPORATION, Respondent, v. CHARLES H. JONES and Others, as Trustees, etc., of MARY E. JONES, Deceased, Appellants.— Judgment unanimously affirmed, with costs. A fair construction of the documentary evidence herein, without regard to the incompetency proceeding affecting Sally G. Gardiner, leads to the conclusion that Duck Island Beach was allotted in the partition action to Sally G. Gardiner by force of the language of the allotment to her of " Duck Island and the meadows adjoining said Island not hereinafter allotted " since there was no specific allotment " hereinafter " to the defendants' predecessors or any one else of any part of Duck Island Beach, which in fact contain meadows and adjoins Duck Island. The result herein is arrived at without considering the alleged conversation had with Mrs. Henderson, deceased. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.

ANNA FRANK, Individually and as Sole Executrix of the Last Will and Testament of ALFRED FRANK, Deceased, Respondent, v. FRONT MAIN STREET CORPORATION, Appellant, and Others, Defendants.— Order of the County Court of Nassau county granting plaintiff's motion to strike out amended answer of defendant Front Main Street Corporation and granting judgment for the relief demanded in the complaint reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. There are issues of fact to be decided in this action. Lazansky, P. J., Young, Hagarty and Carswell, JJ., concur; Seeger, J., dissents.

LESLIE I. GUMPORT, INC., Respondent, v. CHARLES A. GROELL, Appellant.— Order of the County Court of Nassau county, as resettled, denying motion to open default, reversed upon the facts, without costs, and motion granted, without costs. The papers show that the title to the case was so misspelled that it was not recognized by appellant's attorney as the title of the case at bar. Prompt inquiry was made of the clerk of the court as to the condition of the case on the calendar, and motion to open the default was promptly made. The neglect, if any, was, under the circumstances, excusable. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

SUSAN M. HALL, as Administratrix with the Will Annexed, of the Goods, Chattels and Credits of WILLIAM E. HALL, Deceased, Respondent, v. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.— Order denying defendant's motion to vacate the service of the summons and complaint and decline jurisdiction reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. There are no facts shown herein warranting the retaining of jurisdiction of this case. (Douglas v. New York, New Haven & Hartford R. R. Co., 223 App. Div. 782; Larrive v. Prince Line, Ltd., 224 id. 764.) Facts of the character contained in Murnan v. Wabash Railway Co. (246 N. Y. 244) are not present in this record. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

ALICE FRANCES HARRIGAN, Respondent, v. LOFT, INC., Appellant.— Order denying motion for judgment dismissing complaint affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.