ERNST WEDEMANN, Appellant, v. UNITED STATES TRUST COMPANY OF NEW YORK, as Administrator of the Estate of LEON MICHELSON, Deceased, Respondent.

(Argued December 1, 1931; decided February 9, 1932.)

*Samuel J. Rosensohn* for appellant. The Supreme Court has jurisdiction over the suit, on a contract made

in this State, by a non-resident against an ancillary administrator appointed by the courts of this State. (*Hutchinson* v. *Ward*, 192 N. Y. 375; *Reed* v. *Chilson*, 142 N. Y. 152; *Hopper* v. *Hopper*, 125 N. Y. 400; *Smith* v. *Second Nat. Bank*, 169 N. Y. 467.) The defense cannot be sustained as a plea against the exercise of jurisdiction by the Supreme Court. (*Hutchinson* v. *Ward*, 192 N. Y. 375; *Reed* v. *Chilson*, 142 N. Y. 152; *Gregonis* v. *P. & R. C. & I. Co.*, 235 N. Y. 152.)

*Selden Bacon* for respondent. The discretion of the justice at Special Term to exercise discretionary jurisdiction was not abused by his refusal to entertain the action. (*Helme* v. *Bucklalew*, 229 N Y. 363; *Matter of Meyer*, 125 Misc. Rep. 361; 216 App Div. 735; 224 N. Y. 508; *Matter of Worch*, 124 Misc. Rep. 380; *Moyer* v. *Weil*, 1 Dem. 71; *Fox* v. *Carr*, 16 Hun, 434; *Johnson* v. *Powers*, 139 U. S. 156; *Aspden* v. *Nixon*, 4 How. [U. S.] 467; *Dahlstrom* v. *Gemunder*, 198 N. Y. 449; *Kirschbaum* v. *Eschman*, 205 N. Y. 127.)

O'BRIEN, J. Leon A. Michelson, a Russian subject and resident, in 1916 purchased machinery in this country for his munition factories at Moscow. At that time Dietrich Heydemann, also a Russian subject and resident, was an express agent or forwarder of freight with offices at Moscow and New York, and in that capacity he is said to have undertaken to transport Michelson's machinery from the United States to Russia. After the revolution both fled that country. In 1922 Heydemann died a citizen of Russia but a resident of Germany, and in 1923 Michelson died also a citizen of Russia but a resident of Switzerland. Heydemann's widow is a resident of Germany and, as owner of this claim against Michelson for transportation of machinery, she assigned to plaintiff Wedemann, who is and at the date of assignment was a resident of New Jersey. Defendant is the ancillary administrator of Michelson's estate.

Two causes of action are alleged. The first is for the recovery of commissions and disbursements under a contract and the second is for an account stated in a foreign country. The complaint sets forth that in May 1916 a contract for forwarding machinery was executed at New York, that it was there to be performed, that it was performed by plaintiff's assignor, that payment was there to be made but that only partial payment has been received. The bill of particulars states that this contract was oral and was made by plaintiff acting in behalf of Heydemann and by the general manager of Michelson. The answer, after denying performance by Heydemann and even the existence of a contract, alleges that Michelson was never here in 1916 and that during that year and subsequently he had no agent in this State who was authorized to enter into such a contract as is alleged. The first affirmative defense pleads the non-residence of plaintiff who is alleged to seek in our courts the enforcement of a foreign general claim of a non-resident alien without the assertion of a right or lien upon funds in this State. Plaintiff's reply to this affirmative defense was stricken out. Under the pleadings, as they remain, issues of fact are raised whether any contract was executed here, whether performance was here to be effected and was effected and whether payment here was to be made. Defendant concedes the authority of our courts to hear the case but argues that they possess the right to exercise a discretion in refusing to retain jurisdiction. The Special Term and the Appellate Division have used such a discretion and have dismissed the complaint. The only question now before us is whether, on these pleadings, such a power exists.

In actions between non-residents founded on tort where the cause of action arises outside this State, the right to refuse jurisdiction is fully recognized. (*Gregonis* v. *Philadelphia & Reading C. & I. Co.*, 235 N. Y. 152, 160, *Murnan* v. *Wabash Ry. Co.*, 246 N. Y. 244.) In actions on

contract, where the enforcement of a common-law liability as between living parties is sought, the mere fact that an agreement has been executed in a foreign State between non-residents of this State does not vest our courts with discretion to refuse jurisdiction. (*Hutchinson* v. *Ward*, 192 N. Y. 375.) When we come to actions by or against representatives of deceased non-residents, we find that rules differ in respect to the status of a foreign executor and a foreign administrator as contrasted with the status of an ancillary executor and an ancillary administrator. An action at law apparently will not lie against a foreign executor for a debt contracted by his testator, but an action may be maintained, at least in equity, against such an officer for a liability assumed by himself. (*Johnson* v. *Wallis*, 112 N. Y. 230; *DeCoppet* v. *Cone*, 199 N. Y. 56, 61.) The condition of an ancillary executor, as distinguished from a foreign executor, is such as to allow freedom of action against him. His representative character proceeds not from a foreign tribunal but from one of our own. He owes his authority first to his testator and secondarily to a mandate of approval by a local court and, consequently, his liability to be sued has been held to be no different from that of a domestic executor. (*Hopper* v. *Hopper*, 125 N. Y. 400.) As between ancillary executors and ancillary administrators, a distinction in respect to their enforceable obligations seems to be drawn. Considering administrators, both foreign and ancillary, we find that the processes of their creation, although unlike those of executors, do not essentially differ from each other. An executor, foreign or domiciliary, is created by act of a testator. He is merely recognized and his authority confirmed by a court. An administrator depends for his existence not upon the act of a subject or a citizen but upon the command of a sovereign. No individual participates in the formation of his official being. Accordingly, an ancillary administrator, although designated by our own courts, is sometimes regarded

merely as the agent of a foreign sovereignty acknowledged by our courts and possessing certain rights and duties within our territory. (*Helme* v. *Buckelew*, 229 N. Y. 363, 366.) Then the affairs of a decedent are administered not by an instrumentality established by himself with merely the approval of a court, but by an official designated by the court who often is viewed as an agent of government and primarily its creature.

The powers and duties of ancillary representatives are prescribed in the Surrogate's Court Act (§§ 159–166). Unless the Surrogate or other court of competent jurisdiction otherwise decrees, the general duty of such representatives consists in assembling local assets of a non-resident decedent, paying debts due to creditors residing within this State and transmitting any balance to the place of domiciliary administration. (*Smith* v. *Second Nat. Bank*, 169 N. Y. 467.) An important function of ancillary administration is the application of decedent's local property to the payment of his debts but no ess important, under some circumstances, is the duty to transmit assets to the domicile. There is a strong implication in section 165 of the statute that priority in the discharge of debts which are due to residents of this State is intended. We have held that the Surrogate possesses a discretionary right under that section to refuse to pass upon all claims whether of residents or non-residents. (*Matter of Meyer*, 244 N. Y. 598.) That is the law when an ancillary executor has been named in this State. In the case of an ancillary administrator, certainly the Surrogate's power to refuse would not be diminished. We have left open in the *Meyer* case the rights of a non-resident creditor in the event that the Surrogate should elect to adjudicate only as to the claims of residents. However, those sections of the statute which deal with ancillary administration conspicuously emphasize the rights of resident creditors. Where there

are two administrators of the same estate, one in the place of a foreign domicile and another in this State, whether our courts will decree distribution of the assets collected under the ancillary administration or remit them to the jurisdiction of the domicile is not a question of jurisdiction but of judicial discretion depending upon the circumstances of the particular case. (*Matter of Hughes*, 95 N. Y. 55, 60.) Even if we assume that in the case at bar Michelson owed a debt to Heydemann, the fixation of the location of the cause of action to enforce it is likewise a matter of discretion. We have said that the selection of the situs of a chose in action held by one nonresident against another depends generally upon a " common sense appraisal of the requirements of justice and convenience in particular conditions." (*Severnoe Securities Corp.* v. *London & Lancashire Ins. Co.*, 255 N. Y. 120, 123, 124.) Even assuming further that the Supreme Court would retain jurisdiction, a judgment in this action might not be efficacious. The Surrogate in his discretion could refuse to direct payment. The courts of the foreign domicile would not be bound by a judgment here. (*Stacy* v. *Thrasher*, 6 How. [U. S.] 44.) We think, therefore, that the Supreme Court is empowered to exercise a discretion to the same extent in this action as inheres in the Surrogate in his disposition of the assets and liabilities of the fund within his possession. (*Matter of Hughes, supra; Matter of Meyer, supra.*)

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgment affirmed.