FERNANDE LEFRANC DE FLAMMERCOURT, Plaintiff, *v.* EDOUARD ASCER, Also Known as EDDY ELIE ASCER, Also Known as EDOUARD ASCHER EILY, Defendant.

Supreme Court, Special Term, New York County, March 11, 1938.

474

*Francis L. Kohlman,* for the plaintiff.

*Eli Johnson,* for the defendant.

NOONAN, J. The defendant moves for the dismissal of the complaint on the grounds that the plaintiff has not legal capacity to sue and that the court has not jurisdiction of the subject-matter of, or parties to, this action.

This action is based on drafts and acceptances in the sum of frs. 125,000 which were made by the plaintiff and accepted by the defendant in Paris, France, and which represented the settlement of a claim for frs. 442,000, which was predicated, according to the plaintiff, on moneys loaned by her to the defendant.

The affidavit of the defendant states that the parties are both aliens, and that the entire transaction was instituted and consummated in France, which country was the place wherein presentation for and refusal of payment took place.

The affidavit of the attorney for the plaintiff discloses that the defendant was personally served in New York city, that his attorney served a notice of appearance, which was general and not special, and that thereafter two stipulations, prepared by the defendant, were entered into extending the defendant's time to answer the complaint until February 11, 1938.

There is no merit to the contention that the plaintiff lacks legal capacity to sue. This ground of objection is limited to cases where the plaintiff cannot sue on any cause of action. (3 Carmody's New York Practice, p. 2253.)

The court, in the exercise of its discretion, may entertain jurisdiction, or may refuse to accept jurisdiction, in actions between foreigners or non-residents. "However, our courts will generally entertain jurisdiction of a cause of action arising out of commercial transactions and affecting property or property rights, even though between non-residents and where the contract was made in another State, where the liability asserted is recognized by the common law and is not violative of our public policy." (1 Carmody's New York Practice, p. 144. See, also, *Smith* v. *Crocker,* 14 App. Div.

245; affd., 162 N. Y. 600; *Furbush* v. *Nye*, 17 App. Div. 325; *Wertheim* v. *Clergue*, 53 id. 122; *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.*, 235 N. Y. 152, 159.)

In view of the fact that the case at hand involves a commercial transaction and that jurisdiction of the person of the defendant was effected by personal service upon him within the State, as well as the additional factors of general appearance and the signing of the stipulations extending the time to answer, the motion to dismiss the complaint is denied, with ten dollars costs.

The defendant's time to answer the complaint in this action is extended to ten days from the date hereof. Settle order accordingly.