Marion L. Williamson et al., Plaintiffs, *v.* Howard S. Palmer et al., as Trustees of the New York, New Haven and Hartford Railroad Company, Defendants.

Supreme Court, Westchester County, May 20, 1943.

*Frederick J. Rock* and *Edward R. Brumley* for defendants.

*Paul Koch* and *Robert X. Kuzmier* for plaintiffs.

Davis, J. The action is brought to recover damages for personal injuries and loss of services resulting from an accident on the New York, New Haven & Hartford Railroad, of which the defendants are trustees  The accident happened in the State of Connecticut. Although there is some dispute over the fact, it seems clear that both plaintiffs are residents of Connecticut. None of the defendant trustees reside in this State. The railroad is a Connecticut corporation authorized to do business in this State. The present motion is to dismiss the complaint for want of jurisdiction under section 225 of the General Corporation Law.

As the statute formerly existed the court would have no jurisdiction of the subject matter of the action. (*Robinson* v. *Oceanic Steam Nav. Co.*, 112 N. Y. 315.) But in 1913 the statute was amended by permitting actions to be brought by nonresidents against foreign corporations doing business within this State (General Corporation Law, § 225, subd. 4). It is now well settled that in such circumstances the court may either accept or decline jurisdiction as a matter of discretion. (*Gregonis* v. *Philadelphia & Reading Coal & Iron Co.*, 235 N. Y. 152; *Murnan* v. *Wabash Ry. Co.*, 246 N. Y. 244.)

Both sides rely chiefly on the convenience of witnesses in urging the court to exercise its discretion in their favor. To my mind there are more important considerations.

It appears that an action in Connecticut would now be barred by the Statute of Limitations (General Statutes of Connecticut, § 6015, as amended by General Statutes Supp. of 1941, § 861f), so that if this motion should be granted the plaintiffs would probably be deprived of any remedy. A similar motion was denied for that reason in *Randle* v. *Inecto, Inc.* (131 Misc. 261). In addition, the defendants have appeared generally in the action and thereby submitted to jurisdiction of the person. (*Baltimore Pub. Co.* v. *Swedish-American Mexican Line, Ltd.*, 143 Misc. 229.)

My conclusion is that the court has jurisdiction of both the persons of the defendants and the subject matter of the action, and that jurisdiction should not be declined as a matter of discretion. Under the facts of this case I do not agree with the defendants' contention that the statute is invalid under the commerce clause of the Constitution (U. S. Const. art. I, § 8). Motion denied. Submit order on notice.