## GILBERT v. GULF OIL CORPORATION.

### No. 167.

Circuit Court of Appeals, Second Circuit.

Feb. 4, 1946.

AUGUSTUS N. HAND, Circuit Judge, dissenting.

———◆———

Max J. Gwertzman, of New York City, for plaintiff-appellant.

Matthew S. Gibson, of New York City (Archie D. Gray, of Houston, Tex., and

Fred J. Locker, of New York City, on the brief), for defendant-appellee.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

In this action plaintiff, resident in Virginia, sued defendant, a Pennsylvania corporation doing business in New York, for damages for the destruction of his Lynchburg warehouse and contents through an explosion of gasoline and resulting fire claimed to have been occasioned through defendant's negligence. Defendant by motion raised issues as to the venue of the action and the convenience of the forum, asserting that the witnesses were located at or near the scene of the destructive fire. The District Court found the venue proper, but accepted the view that the court should refuse jurisdiction, citing and relying on New York state precedents. 62 F.Supp. 291. This appeal is prosecuted from the resulting dismissal of the action.

 The District Court is clearly correct in holding venue proper. Since it appears that defendant had filed certificates for the doing of business with both the states of New York and Virginia, the combined operation of 28 U.S.C.A. § 112 and Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, makes it clear that suit was proper in federal courts in either Virginia or Pennsylvania or New York. And while plaintiff questions whether defendant is carrying on business in the Western District of Virginia, wherein Lynchburg is located, it is clear that service runs throughout the state, and thus to the Secretary of the Commonwealth, defendant's statutory agent for service, in the Eastern District at Richmond. Federal Rules of Civil Procedure, rule 4(f), 28 U.S.C.A. following section 723c, upheld in Mississippi Pub. Corp. v. Murphree, 66 S. Ct. 242.

 The question therefore turns upon the applicability of the doctrine of forum non conveniens under the circumstances here disclosed. That doctrine has a recognized ambit in both federal and local law to prevent the exercise abroad of supervision over the "internal affairs" of a corporation. Rogers v. Guaranty Trust Co. of New York, 288 U.S. 123, 53 S.Ct. 295, 77 L.Ed. 652, 89 A.L.R. 720; Cohen v. American Window Glass Co., 2 Cir., 126 F.2d 111; Weiss v. Routh, 2 Cir., 149 F.2d 193, 159 A.L.R. 658, discussing New York cases; Langfelder v. Universal Laboratories, 293 N.Y. 200, 56 N.E.2d 550, 155 A.L.R. 1226. But even there the tendency is to limit it; and it has been confined to cases of relief which calls for "such detailed and continuing supervision that the matter could be more efficiently handled nearer home." Williams v. Green Bay & Western R. Co., 66 S.Ct. 284, 287, and see Frank, J., dissenting below, 2 Cir., 147 F.2d 777, 779. Here, however, we have the question of the application of the doctrine to an ordinary tort claim. The discussion in the Williams case appears to be directed to the single instance of supervision of a corporation; as we read the opinion, we see nothing in it authorizing the broad expansion of the doctrine throughout the field of torts. Certainly the whole tenor of the opinion is restrictive of the doctrine's application. Thus there is stressed its applicability only where maintenance of suit away from the defendant's domicile is "vexatious or oppressive," and it is said: "But where in this type of litigation only a money judgment is sought, the case normally is different. The fact that the claim involves complicated affairs of a foreign corporation is not alone a sufficient reason for a federal court to decline to decide it." Concluding that each case "turns on its facts," the court reverses the exercise by the lower courts of discretion in refusing jurisdiction. D.C.S.D.N.Y., 59 F.Supp. 98, and 2 Cir., 147 F.2d 777.

It is true, as the District Court held, that the refusal of jurisdiction over tort claims between nonresidents has been extensively developed in the New York courts, much more so than in the federal system, so that jurisdiction may be refused to claimants under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., equally with other foreign claimants, Murnan v. Wabash R. Co., 246 N.Y. 244, 158 N.E. 508, 54 A.L.R. 1522; Douglas v. New York, N. H. & H. R. Co., 279 U.S. 377, 49 S.Ct. 355, 73 L.Ed. 747, even though the litigant's choice in the federal courts is held absolute under the statute. Baltimore & O. R. Co. v. Kepner, 314 U. S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222. Though the rule is stated broadly as though applicable to all tort claims, it seems in practice restricted to claims for personal injury and wrongful death; at least we have been cited to, and have

found, no other cases. It clearly does not apply to contract claims,[1] and is said not to apply to cases of a commercial or property nature,[2] so that commentators have expressed doubt of its wider applicability.[3] Moreover, the *acceptance* of jurisdiction even in personal injury cases seems not unusual by the trial courts, and quite acceptable to the appellate courts.[4] Thus, there is a very substantial doubt whether jurisdiction of this case would be refused by the New York courts.

■ We are clear, however, that New York law should not control in this situation. It is true that in Weiss v. Routh, supra, the court looked to New York law for light as to the extent to which courts would interfere with the internal management of a corporation. But that appears to us much nearer substantive law—that of corporate supervision—than is this question of the place of enforcement of a claim for money damages, and hence much closer to that mystic line past which we dare not venture without state tutelage. "Neither 'substance' nor 'procedure' represents the same invariants. Each implies different variables depending upon the particular problem for which it is used." Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 1469. Further, we have the direct warning of the Williams case, where the Court considered the issue of the controlling effect of state law as held in the Weiss case and expressly reserved decision on that question.

We have, therefore, a problem which under federal precedents still seems debatable. The Kepner case, supra, warned against refusal of jurisdiction in a particular case controlled by congressional act; here the only difference is that congres-

sional act, plus judicial interpretation (under the Neirbo case), spells out the result. Moreover, the Court has lately stressed that district courts cannot refuse jurisdiction merely because of difficulties of decision. Meredith v. Winter Haven, 320 U.S. 228, 234, 64 S.Ct. 7, 88 L.Ed. 9; Markham v. Allen, 66 S.Ct. 296. But even if we assume arguendo that a case of this general sort may be sent elsewhere, we think there has been no showing of vexation and oppression to the defendant sufficient to justify closing the doors of the courts here. The affidavits of the parties before the court are quoted at length in the opinion below, 62 F.Supp. 291, 292, 293. They show the plaintiff's claim that the only eyewitness of the explosion was the driver of the delivery wagon, delivering the gasoline to plaintiff's pump at the time, that he will come to New York, and that plaintiff is prepared to bring to the trial "all the employees who were present and who have any knowledge of the occurrence," as well as the fire officials who later investigated the fire. Plaintiff also asserts that certain witnesses, engineers investigating the fire, are located in New York. Defendant in reply affidavits questions the willingness of witnesses to go to New York, and further states only generally, and without specification of persons, that "there are numerous [material] witnesses" in and around Lynchburg it intends to call. In the face of plaintiff's assurances, this reference to numerous, but unidentified witnesses is too vague to justify dismissal.

■ Defendant also relies on the fact that plaintiff is seeking recovery for the losses to his 350 warehouse customers for whom he is bailee. To this plaintiff responds that many are already scattered

---

[1] Wedemann v. U. S. Trust Co. of New York, 258 N.Y. 315, 179 N.E. 712, 79 A.L.R. 1320; Hutchinson v. Ward, 192 N.Y. 375, 85 N.E. 390, 127 Am.St.Rep. 909, even though the statutory provision authorizing suits by nonresidents makes no distinction in the subdivision dealing with foreign corporations doing business within the state. N. Y. General Corporation Law, Consol.Laws, c. 23, § 225, subd. 4, which may be contrasted with subd. 1.

[2] De Flammercourt v. Ascer, 167 Misc. 473, 3 N.Y.S.2d 461, 463, citing, inter alia, 1 Carmody's New York Practice 144, Smith v. Crocker, 14 App.Div. 245, 43 N. Y.S. 427, 4 Ann.Cas. 77, affirmed 162 N.Y. 600, 57 N.E. 1124, and Wertheim v.

Clergue, 53 App.Div. 122, 65 N.Y.S. 750; Rederiet Ocean Aktieselskab v. W. A. Kirk & Co., Sup., 51 N.Y.S.2d 565.

[3] Compare 32 A.L.R. 6, 36, citing the earlier New York cases as in note 2 supra; 87 A.L.R. 1425, 1427–1429.

[4] Thus jurisdiction has been accepted where the remedy elsewhere may be barred by limitation, Williamson v. Palmer, 181 Misc. 610, 43 N.Y.S.2d 532; Randle v. Inecto, Inc., 131 Misc. 261, 226 N.Y.S. 686, or is unduly expensive or inconvenient for the plaintiff, Richter v. Chicago, R. I. & P. R. Co., 123 Misc. 234, 205 N.Y.S. 128; Murnan v. Wabash R. Co., 246 N.Y. 244, 249, 158 N.E. 508, 54 A.L.R. 1522.

from Lynchburg, and that their testimony by deposition will be necessary. He adds that some other form of trial, such as by reference to a master, would seem necessary of this issue, once the question of liability is settled. But whatever may be the practicability of plaintiff's suggestion in this regard, it would seem clear that the burden rests upon him to prove his damage, that the difficulties of proof will be his, and that there will be little vexation or oppression to the defendant in combating that proof.

 If we look to considerations of policy of somewhat broader scope, we come to the same conclusion. In view of the admonition of the Meredith and Williams cases, we cannot rely on the reasonable excuse of a state court that its calendars are too crowded to afford accommodations for pure visitors; and, indeed, if the business must be done in the federal courts anyhow, there is no saving in judicial man power in sending a case to a federal court in Pittsburgh or Lynchburg. Nor, in view of the venue statute, as now interpreted, can we make the interpretation made by the New York courts of their statutes to accommodate a *resident* plaintiff. Gregonis v. Philadelphia & Reading Coal & Iron Co., 235 N.Y. 152, 139 N.E. 223, 32 A.L.R. 1. If refusal is to be made, we should have to justify it solely on convenience of trial, which seems to mean the place of residence of the greater number of witnesses.[5] To find the historic diversity jurisdiction limited and restricted in practice to trial at the situs of the wrong is a novel, perhaps a startling, change. It is one thing to say that innovations and improvements in this brand of federal activity should be made legislatively; thus the pending draft of the revised Judicial Code contains explicit provisions making corporations residents for venue purposes of districts where they are incorporated or licensed to do business, or *are doing business,* and authorizing a district court, "for the convenience of parties and witnesses," to "trans-

fer any civil action to any other district where it might have been brought." Preliminary Draft, Revision of Federal Judicial Code, 1945, §§ 1391(a), 1404(a). But it is quite another for a court to introduce such a step as a practical limitation on jurisdiction.

This is a matter of federal policy, where the practice has been for the appellate courts to review the "discretion" exercised by the trial court. Williams v. Green Bay & Western R. Co., supra; Weiss v. Routh, supra; cf. Langnes v. Green, 282 U.S. 531, 541, 542, 51 S.Ct. 243, 75 L.Ed. 520. The admiralty rule authorizing the court to decline adjudication of claims between actual "foreigners," i.e., aliens, is "inapposite" here—to use Justice Brandeis' apt expression in holding conversely that the equity and law cases did not govern in admiralty. Canada Malting Co. v. Paterson Steamships, 285 U.S. 413, 423, 52 S.Ct. 413, 76 L.Ed. 837; Charter Shipping Co. v. Bowring, Jones & Tidy, 281 U.S. 515, 50 S.Ct. 400, 74 L.Ed. 1008; Coffey, Jurisdiction Over Foreigners in Admiralty Courts, 13 Calif.L.Rev. 93; Robinson on Admiralty, 1939, 14-20. Since there is not sufficient basis here for the denial of jurisdiction, the order must be reversed and the case remanded.

FRANK, Circuit Judge (concurring).

It seems to me not entirely clear that the Supreme Court intended its discussion of the doctrine of forum non conveniens in Williams v. Green Bay & Western Railroad, Jan. 7, 1946, 66 S.Ct. 284, to apply to any cases except those involving internal corporate affairs. For, if not so restricted, then any action, even if brought in the district of the residence of the defendant, will have to be dismissed on a showing that it is vexatious.[1] Such a ruling cuts so deeply into traditional notions about the jurisdiction of the federal courts that I find it difficult to believe that the Supreme Court meant to go so far. I shall, however, assume arguendo that it did. Even on that

---

[5] Mr. Justice Jackson concurring in Miles v. Illinois Cent. R. Co., 315 U.S. 698, 705, 706, 62 S.Ct. 827, 831, 86 L. Ed. 1129, 146 A.L.R. 1104, suggests that "the real issue is whether a plaintiff with a cause of action under the Federal Employers' Liability Act may go shopping for a judge or a jury believed to be more favorable than he would find in his home forum." Whether or not this shrewd de-

duction becomes the basis of a definite rule of law, it obviously has less application in a case of this sort, where the ultimate recovery is limited by the value of tangible property, than in the actions for damages for personal injuries.

[1] So if the instant case had been brought in a federal district court in the State of Pennsylvania, where defendant is incorporated.

assumption, I concur. For, on that assumption, degree of vexatiousness—arises in each case where the defendant moves to dismiss because of "inconvenience." On the facts stated by Judge Clark, I think defendant here has not made a sufficient showing of inconvenience to justify dismissal.

## AUGUSTUS N. HAND, Circuit Judge (dissenting).

I think that the rule of forum non-conveniens may be applied in cases brought in the United States Courts, whether the jurisdiction be founded on diverse citizenship or may arise for other reasons, except where Congress has prescribed a different rule. This result seems to be implicit in the opinions of both majority and minority in Baltimore & O. R. Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222, and Miles v. Illinois Central R. Co., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104, and to follow explicitly from the opinion of Justice Douglas in Williams v. Green Bay & Western Railroad Co., January 7, 1946, 66 S.Ct. 284, 290. See also Meredith v. Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9. Indeed, the final paragraph of the opinion in Williams v. Green Bay & Western Railroad Co. discussed whether the maintenance of that suit in the Southern District of New York was to be regarded as "vexatious or oppressive" in view of the availability of witnesses there and of the presence in that district of most of the defendant's directors and of its corporate records, transfer and minute books. Therefore the question before us is simply whether in the present case the District Judge was justified in concluding that the maintenance of the action in the Southern District of New York, rather than in the Virginia District in which the plaintiff resided and the alleged tort occurred, was unduly burdensome to the defendant. I cannot see that anything is involved in the case at bar but the determination of whether the bringing of the action in New York was vexatious. While Judge Leibell in declining jurisdiction and granting the defendant's motion to dismiss the complaint attempted to apply the New York rule of forum non-conveniens the issue was not one of substantive law but of procedure in the federal courts so that under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the New York decisions were pertinent only as instructive precedents and not as pronouncements of rules of law binding on the United States courts. Nevertheless the New York rule of forum non-conveniens in an action in tort like the present would not seem to differ from that of the federal courts for it cannot be supposed that in either jurisdiction a distinction would be made between personal torts and tortious injuries to property like those asserted in the case at bar. See Murnan v. Wabash R. Co., 246 N.Y. 244, 158 N.E. 508, 54 A.L.R. 1522; Wedemann v. United States Trust Co., 258 N.Y. 315, 179 N.E. 712, 79 A.L.R. 1320; Gregonis v. P. & R. C. & I. Co., 235 N.Y. 152, 139 N.E. 223, 32 A.L.R. 1. In the circumstances I think Judge Leibell exercised sound judgment in holding that under the rule of forum non-conveniens the jurisdiction of the Southern District Court was not properly invoked. Indeed the reasons which impelled his decision were the same that in Davis v. Farmers Co-operative Co., 262 U.S. 312, 43 S.Ct. 556, 67 L.Ed. 996, moved the Supreme Court even to deny jurisdiction in actions against railroads brought in districts remote from those in which the torts were committed and in which the plaintiffs did not reside, on the ground that they would involve unreasonable burdens upon interstate commerce.

The affidavits show that some three hundred and fifty claimants having property stored in plaintiff's warehouse reside in or about Lynchburg, Virginia, where the fire caused by defendant's alleged negligence occurred. Defendant's affidavits also say that the Jennings-Watts Oil Co., whose driver delivered the gasoline for the defendant to the plaintiff's warehouse, has its business in Lynchburg; that various persons, including firemen, police officers and other municipal employees, who will be necessary witnesses in respect to the plaintiff's gasoline storage and dispensing plant and its conformity with the local laws and ordinances, and the condition of the truck which delivered the gasoline are there; and several engineers and expert witnesses for the defendant reside in and about Lynchburg. The only answer of the plaintiff to these affidavits which would seem to have any importance is that some of the witnesses are scattered because of war conditions and their testimony can only be obtained by deposition; but there is no indication of how many of these witnesses

888

there are and there is likelihood that they will be relatively few now that hostilities have ceased. The suggestion that the plaintiff will bring witnesses to New York gives the defendant no assurance that it can obtain those it needs without being compelled to rely chiefly on depositions. If there was ever a case where an effective defense was likely to be prevented and the plaintiff would be given undue advantage by a trial in New York I think this is one. The maintenance of the suit in the Southern District would be vexatious, inconvenient and wholly unnecessary and the order declining jurisdiction should be affirmed.