**Arthur LESSER, Plaintiff,**

v.

**Maurice CHEVALIER, Defendant.**

United States District Court
S. D. New York.
Feb. 16, 1956.

Zissu & Marcus, New York City, Leonard Zissu, New York City, of counsel, for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, S. Hazard Gillespie, Jr., New York City, of counsel, for defendant.

BICKS, District Judge.

Plaintiff, a citizen of the United States, has brought this suit against a citizen of the Republic of France to recover damages for the alleged breach of two contracts. One contract involved the production of a series of televised pro-

grams featuring the defendant—the other, the employment of plaintiff as defendant's agent in connection with a professional entertainment tour in the United States. *Sub judice* is an application by the defendant to dismiss the suit on the ground of *forum non conveniens*. He earnestly contends that the law governing the essential validity of the contract, the residences of the parties and the availability of witnesses tend to make France a more appropriate forum.[1]

■ · The criteria to be used by the Court in applying *forum non conveniens* were set forth in Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 843, 91 L.Ed. 1055. The doctrine, Mr. Justice Jackson stated, will be applied on a case to case basis considering access of proof, availability of witnesses, enforceability of a judgment and "all other practical problems that make trial of a case easy, expeditious and inexpensive". "The court will weigh relative advantages and obstacles to a fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at page 508, 67 S.Ct. 843.

The defendant urges that a citizen does not have an inalienable right to bring suit in the courts of his native land. He has failed, however, to refer this Court to a single case in which, absent express waiver, *forum non conveniens* was used to deny access to the Federal Court to an American citizen suing in his own right.[2] United States Merchants' & Shippers' Ins. Co. v. A/S Den Norske Afrika og Australie Line, 2d Cir., 1933, 65 F.2d 392 relied on by defendant is inapposite for there plaintiff sued as a subrogee of a foreign corporation.

■■ In the instant case injustice to the defendant is not intimated. He is familiar with the English language and expects to be in this country in the near future. The testimony of witnesses abroad will not be so prolix that it would constitute an undue burden to take by deposition, if necessary. If the law of France is applicable its interpretation is a task from which this Court has not shrunk in the past. There has been a complete lack of showing that this forum was chosen with a view to vex, harass or oppress the defendant. Mere inconvenience to a non-citizen is not ground for dismissing a suit brought by a citizen of the United States in a Federal Court and relegating him to the courts of defendant's country. Latimer v. S/A Industrias Reunidas F. Matarazzo, S.D. N.Y.1950, 91 F.Supp. 469; Reich v. National Union Fire Ins. Co., D.C.N.D.Tex. 1953, 114 F.Supp. 202 and Burt v. Isthmus Development Co., 5 Cir., 1955, 218 F.2d 353, certiorari denied, 1955, 349 U.S. 992, 75 S.Ct. 661, 99 L.Ed. 1254. The facts in this case do not justify disturbing plaintiff's choice of forum.[3]

Motion denied.

1. It is not necessary on this application to determine where the contracts were made or whether the *lex locus contractus* or "center of gravity" doctrine is to be applied in determining the validity thereof. See Rubin v. Irving Trust Co., 1953, 305 N.Y. 288, 113 N.E.2d 424; Auten v. Auten, 1954, 308 N.Y. 155, 124 N.E. 2d 99.

2. The Supreme Court did not find it necessary to decide "the abstract question whether United States admiralty courts may decline jurisdiction over libels brought by United States citizens." Swift & Co. Packers v. Compania Colombiana Del Caribe, 1950, 339 U.S. 684, 697, 70 S.Ct. 861, 869, 94 L.Ed. 1206.

3. Whether this Court is required under the doctrine of Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, to apply state *forum non conveniens* rules is unsettled. Williams v. Green Bay & W. R. Co., 1946, 326 U.S. 549, 551, 558–559, 66 S.Ct. 284, 90 L.Ed. 311; Gulf Oil Corp. v. Gilbert, 1947, 330 U. S. 501, 509, 67 S.Ct. 839, 91 L.Ed. 1055; Koster v. (American) Lumbermens Mut. Cas. Co., 1947, 330 U.S. 518, 529, 67 S.

Ct. 828, 91 L.Ed. 1067. See Goodrich, Conflicts of Laws, p. 42 (3rd ed. 1949); 35 Calif.L.Rev. 380, 398–99 (1947); 22 Univ. of Chi.L.Rev. 405, 420 (1955). Compare, Weiss v. Routh, 2 Cir., 1945, 149 F.2d 193, 195, applying New York law, with Gilbert v. Gulf Oil Corp., 2 Cir., 1946, 153 F.2d 883, 885, 170 A.L.R. 319, revised 1947, 330 U.S. 501, 67 S. Ct. 839, 91 L.Ed. 1055. But see Koster v. (American) Lumbermens Mut. Cas. Co., 2 Cir., 1946, 153 F.2d 888, affirmed 1947, 330 U.S. 518, 67 S.Ct. 828, 91 L. Ed. 1067. Since the disposition of this motion is consistent with the New York rule, Gregonis v. Philadelphia & Reading Coal & Iron Co., 1923, 235 N.Y. 152, 139 N.E. 223 32 A.L.R. 1, further inquiry is not indicated.