N. V. BROOD EN BESCHUITFABRIEK V/H JOHN SIMONS, Respondent,
    *v.* ALUMINUM COMPANY OF AMERICA (ALUMINUM LINE),
    Defendant, Impleaded with ST. LOUIS-SAN FRANCISCO RAILWAY
    COMPANY, Appellant.

First Department, March 6, 1931.

*C. Bolton-Smith* of counsel [*Bruce Bromley* with him on the brief; *Cravath, De Gersdorff, Swaine & Wood,* attorneys], for the appellant.

*C. Welmore Robinson* of counsel [*Single & Single,* attorneys], for the respondent.

SHERMAN, J. The defendant railway company moved, under rule 107 of the Rules of Civil Practice, in the City Court of the City of New York for judgment in its favor dismissing the complaint upon the ground that the court had no jurisdiction of the subject of this action. That motion was denied. Upon appeal the order was affirmed by the Appellate Term, with leave to appellant to appeal to this court.

The sole question presented is whether or not subdivision 4 of section 225 of the General Corporation Law is constitutional, when applied to a cause in which the defendant foreign corporation sought to be sued is a carrier engaged in interstate commerce, none of whose lines enter this State, the contract declared on not having been made within its confines and the goods accepted for transport upon a route not transversing this State. It is contended that the act when so construed imposes an undue burden upon a carrier engaged in interstate commerce.

Appellant does not raise any question as to the court's jurisdiction to render judgment against defendant in a proper case, or as to whether or not the Due Process Clause of the Federal Constitution (14th Amendt. § 1) is violated.

This action was brought by plaintiff, a corporation created under the laws of Dutch Guiana, to recover damages for breach of a contract of carriage made by appellant, a railroad corporation organized under the laws of Missouri, to transport plaintiff's merchandise from Wichita, Kan., to Paramaribo, Dutch Guiana. The complaint charges that the merchandise was damaged in course of shipment and defendant Aluminum Company of America (a Pennsylvania corporation), the final carrier, is joined as a party defendant under section 213 of the Civil Practice Act, because plaintiff is uncertain which of the defendants caused the damage. The contract of shipment was not made within this State, was not to be performed here and has no relation to the business transacted by appellant within this State. The breach did not occur here. Appellant claims that all of its records with respect to this shipment are kept in its claims department in St. Louis, Mo., and that its witnesses are located without this State, engaged in interstate commerce and will probably be so employed at the time of the trial of this action. Section 225 of the General Corporation Law provides as follows: " An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only: * * *

" 4. Where a foreign corporation is doing business within this State."

Respondent asserts that it will not be necessary for appellant to make any extended proof in denial of liability, beyond the production of the receipt from the connecting carrier. Whether or not this be true is immaterial. The validity of the statute, in so far as it affects an interstate carrier under the statute above set forth, does not rest upon the quantum of proof which may suffice at the trial of a particular action.

Reliance is placed by respondent upon *Murnan* v. *Wabash R. Co.* (246 N. Y. 244), where in considering section 47 of the General Corporation Law (which preceded, and contains the same language as section 225 now under review) it was held in an action by a non-resident against a foreign corporation under the Federal Employers' Liability Act to recover damages for personal injuries, that the court had power to dismiss the action as a matter of discretion. The opinion of Judge POUND establishes the rule that this discretion may be exercised in a tort action. This interpretation of the statute was held constitutional in *Douglas* v. *N. Y., N. H. & H. R. R. Co.* (279 U. S. 377), where the complaint of a citizen of Connecticut injured by the carrier in that State,

seeking damages under the Federal Employers' Liability Act, was dismissed (*Douglas* v. *N. Y., N. H. & H. R. R. Co.*, 248 N. Y. 580).

This action is not in tort and the point arises whether such discretion exists in a contract action. This question was raised in *Davis* v. *Kessler & Co., Inc.* (118 Misc. 292; affd., without opinion, 202 App. Div. 798) where Justice Bijur ruled in appointing a referee to determine the question of fact, whether or not the defendant was doing business in the State of New York, under section 1780 of the Code of Civil Procedure (as amd. by Laws of 1913, chap. 60; re-enacted by Gen. Corp. Law of 1909, § 47, as added by Laws of 1920, chap. 916, which then embodied the language now found in section 225 of the General Corporation Law), that " As to defendant's second contention, *i. e.*, that even if jurisdiction exists it is only discretionary and should be declined, it is true that section 1780 has been construed as not affecting the discretion of the court to decline jurisdiction in appropriate cases. *Waisikoski* v. *Philadelphia & Reading C. & I. Co.*, 173 App. Div. 538 (1916); affd. on opinion of Jenks, P. J., 228 N. Y. 581. Counsel have, however, overlooked the fact that this discretionary jurisdiction relates only to ' actions between foreigners or non-residents founded upon personal injuries or purely personal wrongs ' and does not include ' causes of action arising out of commercial transactions and affecting property or property rights.' *Wertheim* v. *Clergue*, 53 App. Div. 122, 126 (1900). No case can be found in which the rule has been followed in any other class of actions. It is, therefore, inapplicable here."

No exercise of discretion is here for review. The question is one of power.

In *Davis* v. *Farmers Co-operative Co.* (262 U. S. 313), jurisdiction over the Director General of Railroads, operating the Atchison, Topeka and Santa Fe railroad, depended upon the validity of a statute of Minnesota, which brought a foreign carrier into the State court when its agent for the solicitation of freight and passenger traffic was there served with a summons. This carrier did not own or operate any railroad in Minnesota, and the recovery sought was for loss of merchandise under a bill of lading issued by the carrier in Kansas for transportation over its line within that State and the transaction was in no wise connected with the soliciting agent located in Minnesota. The court through Brandeis, J., said: " This condition imposes upon interstate commerce a serious and unreasonable burden which renders the statute obnoxious to the Commerce Clause. Compare *Sioux Remedy Co.* v. *Cope*, 235 U. S. 197, 203.

" That the claims against interstate carriers for personal injuries

and for loss and damage of freight are numerous; that the amounts demanded are large; that in many cases carriers deem it imperative, or advisable, to leave the determination of their liability to the courts; that litigation in States and jurisdictions remote from that in which the cause of action arose entails absence of employees from their customary occupations; and that this impairs efficiency in operation, and causes, directly and indirectly, heavy expense to the carriers; these are matters of common knowledge. Facts, of which we, also, take judicial notice, indicate that the burden upon interstate carriers imposed specifically by the statute here assailed is a heavy one; and that the resulting obstruction to commerce must be serious. During Federal control absences of employees incident to such litigation were found, by the Director General, to interfere so much with the physical operation of the railroads, that he issued General Order No. 18 (and 18A) which required suit to be brought in the county or district where the cause of action arose or where the plaintiff resided at the time it accrued. That order was held reasonable and valid in *Alabama & Vicksburg Ry. Co.* v. *Journey*, 257 U. S. 111. The facts recited in the order, to justify its issue, are of general application, in time of peace as well as of war."

In *Michigan Central R. R. Co.* v. *Mix* (278 U. S. 492) the action was brought in the Missouri State court for damages under the Federal Employers' Liability Act where plaintiff's intestate, a resident of Michigan, had been killed in that State while working for the railroad company. Its lines did not enter Missouri. Claiming that it was not subject to suit in Missouri, because to maintain it there would violate the Commerce Clause, the railroad company appeared specially in the Missouri court to question its jurisdiction and upon denial of its motion to quash the summons, applied without success to the Supreme Court of Missouri for a writ to enjoin the trial of the action in the lower State court. Upon certiorari to the United States Supreme Court, a writ of prohibition issued against the Missouri court, it being held that even though the widow had removed to Missouri and been there appointed administratrix of her husband's estate, that would not (p. 495) " make reasonable the imposition upon interstate commerce of the heavy burden which would be entailed in trying the cause in a State remote from that in which the accident occurred and in which both parties resided at the time."

In *Panstwowe Zaklady Graviozne* v. *Automobile Ins. Co.* (36 F. [2d] 504), Judge THACHER, in the District Court for the Southern District of New York, held the section here under consideration (then enacted as section 47 of the General Corporation Law)

to be unconstitutional when applied to defendant Baltimore and Ohio Railroad Company, an interstate carrier, which had issued a bill cf lading in Illinois to plaintiff, whereby merchandise was to be transported from Chicago to Baltimore, and thence by steamer to Danzig. The defendant insurance company had insured the merchandise during transit from Chicago to Warsaw, Poland. Plaintiff was a department or institute of the government of Poland. The defendart insurance company was organized under the laws of Connecticut, while the carrier was incorporated under the laws of Maryland. Both defendants were engaged in business in this State. Being in doubt whether its cause of action was against the insurance company or the carrier, plaintiff sued both defendants under section 213 of the Civil Practice Act, as here. The opinion recognizes the rule that jurisdiction under the General Corporation Law can be refused in the exercise of discretion only in tort cases under the decisions in this State and holds that the statute, when construed to subject the interstate carrier to the necessity of defending that suit in the courts of this State, imposed an unreasonable burden upon the carrier in violation of the Commerce Clause of the Federal Constitution (Art. 1, § 8, subd. 3), and was unconstitutional.

Recently, in *Guerin Mills* v. *Barrett* (254 N. Y. 380), Chief Judge CARDOZO (citing *Davis* v. *Farmers Co-operative Co., supra,* and *Michigan Central R. R. Co.* v. *Mix, supra*) observed (p. 385): " The Supreme Court has held that in respect of interstate commerce a non-resident corporation is not subject to suit, even though process be served on one who is a true agent, unless the cause of action grows out of the business transacted within the territory of the forum."

The determination appealed from and the order of the City Court should be reversed, with ten dollars costs and disbursements to the appellant in this court and in the Appellate Term, and the motion to dismiss the complaint granted.

DOWLING, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Determination appealed from and order of the City Court reversed, with ten dollars costs and disbursements to the appellant in this court and in the Appellate Term, and the motion granted.