The Baltimore Publishing Company, Respondent, *v.* Swedish-America Mexico Line, Ltd., Appellant.

Supreme Court, Appellate Term, First Department, March 25, 1932.

*Haight, Smith, Griffin & Deming* [*Herbert M. Statt* of counsel], for the appellant.

*Neil P. Cullom* [*James E. Freehill* of counsel], for the respondent.

CALLAHAN, J. This action is brought by a Maryland corporation against one organized under the laws of Sweden to recover damages arising out of the latter's breach of a contract, made in Sweden, for the carriage of merchandise from that country to Baltimore, Md. The action was commenced in April, 1926, and issue joined during the same month. Various steps were thereafter taken in the litigation, including the issuance and execution of a commission to Sweden and the procural by the defendant of an undertaking for costs. The case had been marked off the calendar by the consent of the parties and had subsequently been restored for trial for the 13th of October, 1931. On June 13, 1931, more than five years after it had answered on the merits, the defendant moved to dismiss the complaint on the ground that the action was brought by a non-resident plaintiff against a foreign corporation on a cause of action arising outside the State, unconnected with any business done by the defendant in this jurisdiction. The present appeal is taken from the order of the court below denying the motion.

One of the contentions of the defendant is that it does no business in this State and may not, therefore, be sued here. This presents the question of whether our courts have jurisdiction of its *person*. By failing to move to dismiss in accordance with section 278 of the Civil Practice Act and rules 106 and 107 of the Rules of Civil Practice, and by answering on the merits, the defendant must be deemed to have waived the right to question jurisdiction on the ground that it does no business here. (Civ. Prac. Act, § 278, subd. 1a.)

Although we must accordingly assume that the defendant is doing business in this State to such a degree as to subject it to the jurisdiction of our courts for at least some purposes, it does not follow that it may be sued here without its consent to the same

extent that a non-resident individual might be. For example, "in respect of interstate commerce a non-resident corporation is not subject to suit, even though process be served on one who is a true agent, unless the cause of action grows out of the business transacted within the territory of the forum." (*Guerin Mills* v. *Barrett*, 254 N. Y. 380, 385.) (See, also, *N. V. Brood en Beschuitfabriek, etc.*, v. *Aluminum Co.*, 231 App. Div. 693; *Davis* v. *Farmers Co-operative Co.*, 262 U. S. 312; *Michigan Central R. R. Co.* v. *Mix*, 278 id. 492; *Panstwowe Zaklady Graviozne* v. *Automobile Ins. Co.*, 36 F. [2d] 504.) In so far as subdivision 4 of section 225 of our General Corporation Law may be construed to subject a foreign corporation engaged in interstate commerce to the necessity of defending suits in this State brought by another foreign corporation on causes of action arising elsewhere and not connected with any business transacted by the defendant in this State, it has been held unconstitutional as imposing an unreasonable burden upon interstate commerce in violation of the commerce clause (Art. 1, § 8, subd. 3) of the Federal Constitution. (*N. V. Brood en Beschuitfabriek, etc.*, v. *Aluminum Co., supra.*)

The same reasoning would appear to be equally applicable where the defending corporation is engaged, as here, in foreign commerce within the meaning of the Federal Constitution, rather than in interstate commerce. Whether the exemption from suit in a foreign State is broad enough to permit a foreign corporation to resist jurisdiction in all cases where the cause of action does not arise out of the business transacted in the forum (See *Louisville & N. R. R. Co.* v. *Chatters*, 279 U. S. 320, 325, 328; *Mitchell Furniture Co.* v. *Selden Breck Construction Co.*, 257 id. 213, 216; but see *contra Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259, 269; see, also *Hutchinson* v. *Chase & Gilbert*, 45 F. [2d] 139, 140) need not be determined at this time, since subjecting the defendant here to suits in the courts of this State would clearly impose an undue burden upon foreign commerce and would, therefore, bring the instant case within the doctrine of *N. V. Brood en Beschuitfabriek, etc.*, v. *Aluminum Co.* (*supra*) and the authorities cited therein.

Has the defendant, by answering on the merits and failing to raise any objection to jurisdiction for a period of five years, waived its right to raise the point at this time? If the question is one of jurisdiction of the *person*, the answer must be in the affirmative. (Civ. Prac. Act, § 278, subd. 1a.) If, on the other hand, jurisdiction of the *subject-matter* is involved, it is not too late to make the point for the first time at the trial (Civ. Prac. Act, § 279), and the court may even dismiss the action during the trial of its own motion. (*Robinson* v. *Oceanic Steam Navigation Co.*, 112 N. Y. 315, 324.)

There are statements on respectable authority indicating that an objection that an unreasonable burden would be imposed upon interstate or foreign commerce by retaining jurisdiction is one to the subject-matter of the action. In *N. V. Brood en Beschuit-fabriek*, etc., v. *Aluminum Co.* (*supra*) the record discloses that the motion was founded on lack of jurisdiction of the subject of the action. No question of waiver was, however, involved, the defendant having moved promptly, without appearing or answering. It was, therefore, immaterial whether the complaint was dismissed for lack of jurisdiction of the person or of the subject-matter and that question was not really considered. To the extent that the case of *Panstwowe Zaklady Graviozne* v. *Automobile Ins. Co.* (*supra*) may be regarded as authority for treating the problem as one of jurisdiction over the subject-matter, I am unable to agree with it.

It appears to me that an objection that the defendant may not be sued here because the cause arose without the State and that to defend it here is likely to impose an unjust burden upon defendant is, in effect, a statement by the defendant that it is not here for the purpose of *such* a suit, exactly as a claim that it is not doing business here at all is tantamount to a declaration that it is not here for the purpose of *any* suit. By doing business within a foreign State a corporation may be regarded as impliedly assenting to be sued in connection with business transacted there, but not necessarily as to business unrelated to corporate action within that State. (Cf. *Mitchell Furniture Co.* v. *Selden Breck Construction Co.*, *supra; Louisville & N. R. R. Co.* v. *Chatters, supra.*) In other words, by doing business within a foreign State a corporation confers upon the courts of the latter only a *limited* jurisdiction of its *person.*

There are many expressions in the Federal decisions which indicate that a corporation, although it may not be compelled, may consent to be sued in a foreign jurisdiction upon a cause of action arising elsewhere, unconnected with the business done there. (*Louisville & N. R. R. Co.* v. *Chatters, supra,* 325; *Michigan Central R. R. Co.* v. *Mix, supra,* 493; *Atchison, Topeka & Santa Fe R. Co.* v. *Wells,* 265 U. S. 101, 103.) If the defendant's consent may confer jurisdiction it would appear to follow logically that the question is one of jurisdiction of the person, for even the consent of the parties may not confer jurisdiction of the subject-matter where it is otherwise lacking. (*Robinson* v. *Oceanic Steam Navigation Co., supra.*) The court manifestly could not dismiss the action at the trial of its own motion if the defendant were willing to assume the burdens incident to its defending in this State. Does this not establish the true character of the objection as one to the person of the defendant?

Jurisdiction of the subject-matter is the power lawfully conferred to deal with the general subject involved in the action. (*Hunt* v. *Hunt*, 72 N. Y. 217, 230; *Reynolds* v. *Stockton*, 140 U. S. 254; *Lange* v. *Benedict*, 73 N. Y. 12; writ of error dismissed, 99 U. S. 68.) An action on contract is, as a general rule, transitory and may be entertained wherever jurisdiction of the parties can be procured. (*Hutchinson* v. *Ward*, 192 N. Y. 375.) Section 225 of our General Corporation Law of 1929 confers upon our courts jurisdiction of actions by non-residents against foreign corporations doing business here, without any limitation as to the place where the cause of action may have arisen. The fact that a foreign corporation may, nevertheless, *if it so chooses*, resist jurisdiction, where an undue burden would be imposed upon it in connection with interstate or foreign commerce, does not alter the fact that jurisdiction of the court over the subject-matter exists. It is merely a request to a court to determine that it is not here to an extent justifying the court to entertain jurisdiction over it because the cause of action arose elsewhere.

"No local rule of practice can prevent the carrier from laying the appropriate foundation for the enforcement of its constitutional right by making a seasonable motion." (*Michigan Central R. R. Co.* v. *Mix, supra*, 496.) The motion here, however, may not be said to have been made seasonably. Indeed, it appears that it was made only after the Statute of Limitations barred the plaintiff from suing elsewhere.

It would be unjust to permit it to assert at this late date that the suit places an undue burden on it.

Order affirmed, with ten dollars costs and disbursements.

LYDON, J. (concurring). I concur in the result reached by CALLAHAN, J., but on different grounds.

I do not consider that the case raises any question concerning jurisdiction of the person of defendant. No such question could be raised in face of a general appearance. It is not contended that the court was without jurisdiction to render judgment in any sort of case against defendant. The objection is that the court was without power to entertain the particular cause of action disclosed by the complaint. That, as I understand it, is an objection that the court has not jurisdiction of the subject of the action.

Since, then, the objection is to the jurisdiction over the subject-matter, it is not too late. Neither estoppel nor consent can confer jurisdiction, otherwise lacking, over the subject of the action. That we do not violate that principle by retaining jurisdiction in the present case will be apparent if we examine the precise nature

of the objection raised to the exercise of jurisdiction and the reasons which show the grounds of that objection to be non-existent.

The contention is that since the action is for damages arising upon the transportation of goods from Sweden to the port of Baltimore, and since both plaintiff and defendant are foreign corporations, it would put an unreasonable burden on foreign commerce if we were to compel defendant to litigate the question of its liability in the courts of this State rather than in the courts of Maryland. (*Michigan Central R. R. Co.* v. *Mix*, 278 U. S. 492.) The contention, thus stated, appears sound; but the answer to it is that we would not have compelled the defendant to submit to an adjudication of the controversy by the courts of this jurisdiction. The reason we now refuse to dismiss the case is because the defendant is not here by compulsion. It has consented to litigate the issues here. By that consent it has not enlarged the jurisdiction of the court so as to extend it over a subject not otherwise within its jurisdiction. It has simply destroyed the only possible ground upon which a lack of jurisdiction could be predicated. It has consented to a suit which, in the absence of consent, would have cast an unreasonable burden upon it. Its consent robs it of its only possible argument against the existence of jurisdiction. In other words, defendant has not consented, and could not effectively consent, to the exercise of jurisdiction in some new and forbidden field. But the action here is the ordinary one against a carrier for breach of the contract of carriage — an action of which the court normally has jurisdiction. The only possible ground of objection to the exercise of jurisdiction in the particular case is that it would impose an unreasonable burden on defendant to compel it to litigate the issues here. When it is shown that defendant has consented to litigate here it is necessarily shown that the only fact upon which an objection to the jurisdiction could be founded is absent. Instead of compulsion there is consent. Hence there is no unreasonable burden upon defendant.

That the defendant has consented to be sued here is manifest from the history of the case. Its conduct speaks no less plainly than would formal expressions of acquiescence and submission. The action was commenced in April, 1926, upon a cause of action which arose in 1924. Defendant appeared and answered. A commission to take testimony in Sweden was issued and was executed. Defendant moved to require plaintiff to give security for costs. The motion was granted and the security was given. Defendant moved to dismiss the action, not for lack of jurisdiction, but for failure to prosecute. The motion was denied and the case restored to the calendar upon condition that plaintiff pay thirty

dollars costs. The costs were paid and accepted. Only after all this had been done and in June, 1931, was an objection made to the jurisdiction by the motion, the denial of which is now under ·review. By refusing to grant that motion the court below has, in effect, refused to allow defendant to withdraw its consent to litigate the action in this jurisdiction after such consent had been acted upon in various ways during a period of more than five years.

The papers used on the motion fully sustained the finding of the court below that defendant was doing business in this State. They would have justified no other conclusion. Lack of jurisdiction, therefore, cannot be predicated upon the provisions of section 225 of the General Corporation Law.

The order should be affirmed, with ten dollars costs and disbursements.

LEVY, J. (concurring). While I concur in the result reached by my associates, my inability to accept either opinion in its entirety constrains me to make independent expression on the subject. To rest the decision upon the view that *jurisdiction of the person* is involved is to base it upon what seems to me a legal fiction designed to create a vehicle to preserve the rights of the plaintiff and to vindicate the interests of justice. Laudable though the object may be, it cannot be logically defended.

Section 225 of the General Corporation Law, in so far as it is germane, provides that "An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases *only:*

"4. Where a foreign corporation is doing business within this state."

The limitations upon the right of action contained in the statute now embodied in section 225 have been said to go to the *jurisdiction of the subject-matter.* (*Robinson* v. *Oceanic Steam Navigation Co.,* 112 N. Y. 315.) If, therefore, we yield to what is sometimes said to be the inflexible rule that lack of jurisdiction of the subject-matter, notwithstanding that it may arise only from special circumstances of the case, automatically bars the court from further consideration of the cause, we must at once dismiss the action; and this, regardless of the fact that defendant, by lulling the plaintiff into a false sense of security, in previously submitting to the jurisdiction, has barred it from prosecuting its action in any other forum, by reason of the Statute of Limitations. I believe that a formal syllogistic application of the principle that a court must, in the given case, dismiss for lack of jurisdiction of the subject-matter, leads to confusion and injustice.

It is true that such jurisdiction implies in the generality of the concept a want of authority to hear and determine, which even a consent of the parties will not cure (*Chemung Canal Bank* v. *Judson*, 8 N. Y. 254) and which may be raised for the first time on appeal.· (*Fiester* v. *Shepard*, 92 N. Y. 251; *Matter of Walker*, 136 id. 20.) And where, as a matter of fact, a court is unqualifiedly without jurisdiction to entertain the subject-matter, no waiver of the right by the parties to raise this question will confer such authority, the proceedings, notwithstanding, being absolutely *coram non judice*. (*Matter of McIntyre*, 124 App. Div. 66.) On the other hand, when a party pleads that the court is without jurisdiction of the subject-matter, such objection cannot always be disposed of on the mere plea and without an inquiry into the facts. Frequently, indeed, the absence of such jurisdiction appears on the face of the pleading, as where, for example, the aid of the Municipal Court is sought to be invoked in an action in equity. But often the want of jurisdiction can only be determined after the presentation of specific facts in affidavits or by oral proofs as provided in rule 107, subdivision 2, of the Rules of Civil Practice. (See, also, *Louisville Trust Co.* v. *Comingor, infra.*)

In *Hunt* v. *Hunt* (72 N. Y. 217, 230) jurisdiction of the subject-matter is defined as " the power to act upon the general, and so to speak, the abstract question, and to determine and adjudge whether the particular facts presented call for the exercise of the abstract power." Here, the right to the exercise of this power, so far as the nature of the subject-matter generally and the amount in controversy are concerned, is unquestioned. But since the parties are foreign corporations, a further prerequisite is to inquire whether they have brought themselves within the provisions of section 225 of the General Corporation Law of 1929, and more specifically whether the defendant is engaged in business here. (*Hartstein* v. *Seidenbach's, Inc.*, 129 Misc. 687.) Upon the ordinary service of process on a foreign corporation by a resident, the voluntary appearance of the latter may be said to be a waiver of the right to object to the service. That situation, obviously, involves only jurisdiction of the person. In the instant case the defendant appeared voluntarily, and unless its appearance was collusive and with the connivance of the non-resident plaintiff, it should be deemed under the facts in the situation an estoppel of the defendant to dispute the claim that it is doing business here. We should not permit a corporation, which apparently is engaged in business with an office and an agent in this jurisdiction, to deny such fact, more particularly after it has interposed a general appearance and proceeded with the litigation on the merits. The general appear-

ance, together with the presence of certain indicia which are connected with engaging in business here, should bar a corporation thereafter, in the discretion of the court, from questioning the fact that it is doing business here, especially if by its conduct it has destroyed the rights of its adversary.

The result of this reasoning is that section 225 of the General Corporation Law, while prescribing rules of jurisdiction of the subject-matter, may nevertheless, at least so far as subdivision 4 is concerned, not be invoked by defendant in this situation, to defeat the jurisdiction of the court. This may seem an anomalous conclusion, but it is entirely in accord with the expression in *Sentenis* v. *Ladew* (140 N. Y. 463, 466) where it is said: " But a party may waive a rule of law or a statute, or even a constitutional provision enacted for his benefit or protection, where it is exclusively a matter of private right, and no considerations of public policy or morals are involved, and having once done so he cannot subsequently invoke its protection. * * * It might be different if the court was one whose jurisdiction was expressly limited by statute, or there was some statutory inhibition of jurisdiction in a given case or class of cases. Then consent even might not confer jurisdiction."

The prosecution of this action involves no consideration of public policy or morals; it does not impose burdens upon foreign commerce generally, and if it might be said, theoretically, to impose a private burden upon the particular defendant, the conduct of the latter in continuing with the litigation negatives any such practical conclusion.

Again, while there seems to be no general statutory inhibition of jurisdiction in this case, it is urged that to permit this action to continue would constitute an undue burden upon interstate or foreign commerce, in violation of the commerce clause of the Federal Constitution. It is true that the transaction in suit, involving as it did a contract for carriage between two foreign countries, does not come strictly within the definition of interstate or foreign commerce. But the reasoning which protects interstate carriers from the necessity of defending suits in jurisdictions remote from that in which the cause of action arose, is predicated upon the fact that it entails absence of employees from their customary occupations with the resultant impairment of efficiency in operation. (*Davis* v. *Farmers Co-operative Co.*, 262 U. S. 312, 315.) In this view the same protection is accorded the interstate carrier, even though the transaction involves carriage between two foreign countries, which is not within the purview of the commerce clause. On the other hand, the protection of the interstate carrier from

undue burdens must yield to the requirements of the orderly and effective administration of justice. The law will permit a burden to be imposed upon interstate commerce, if it is reasonably required for the protection of the public. (*Kane* v. *New Jersey*, 242 U. S. 160, as explained in *Davis* v. *Farmers Co-operative Co.*, *supra*.)

The mere submission here of a controversy between non-residents involving foreign commerce and not founded upon a cause arising in this State, does not automatically disqualify our courts from acting. There is no inflexible rule which prohibits the court from entertaining actions involving interstate commerce. In fact, our State courts are daily passing upon such questions in controversies in which one or more of our citizens tenders the issue. But even where non-residents are litigating, our courts should not rigidly decline to entertain the litigation merely because a burden upon interstate commerce is involved. Only if an inquiry into the facts should reveal that an *undue* burden would be imposed upon such commerce by keeping the controversy here, should the court bar jurisdiction. If, therefore, a defendant's objection is raised promptly, it may well be that the courts will be justified (as in *N. V. Brood en Beschuitfabriek, etc.*, v. *Aluminum Co.*, 231 App. Div. 693), without extended examination into the merits, save perhaps an examination of mere affidavits under Rules of Civil Practice, rule 107, in refusing to entertain jurisdiction. But where, as in the case at bar, the litigation has continued for years and the Statute of Limitations will doubtlessly bar the plaintiff from bringing a new action, it becomes just and pertinent to inquire thoroughly into the merits of the objection of undue burden upon interstate commerce. As is said in *Louisville Trust Co.* v. *Cominger* (184 U. S. 18, 26): " In many cases jurisdiction may depend on the ascertainment of facts involving the merits, and in that sense the court exercises jurisdiction in disposing of the preliminary inquiry, although the result may be that it finds that it cannot go farther."

Section 279 of the Civil Practice Act, providing that the objection as to the jurisdiction of the subject-matter is not waived by failure to raise it in time, does not lay down any positive requirement upon the court to decline to entertain jurisdiction merely because defendant has labeled the action as one imposing an undue burden upon interstate commerce. The section merely permits the question of jurisdiction of the subject-matter to be raised at any time. When the question is raised, as here, the court may then inquire whether in the specific case an undue burden has been imposed, and whether the burden, theoretically present, but practically non-existent, must not yield to paramount rights of other parties.

The inquiry into the course of conduct of the defendant evinces the fact that no burden has thus far been imposed by this litigation upon its foreign commerce activities; and even if a further consideration of the case might constitute a slight burden, it is far more important, in the interest of substantial justice, to preserve the rights of the plaintiff from the utter destruction which would result from the dismissal of the action.

My conclusion, therefore, is that the case does not involve such an absolute bar to the jurisdiction of the subject-matter as would impel the court to take adverse notice upon its own motion. The defect might well compel the court to take notice if the objection is timely invoked by the party, and it would certainly permit the court, in its sound discretion, to take notice of the lack of jurisdiction, even when not timely invoked. In the exercise of such discretion the motion to dismiss was properly denied below, and the order should be affirmed.