JULIA M. BROWN, Respondent, *v.* CANADIAN PACIFIC RAILWAY COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, March 25, 1932.

*Hardin, Hess & Eder* [*Harold B. Elgar* and *Frank Rashap* of counsel], for the appellant.

*Morris M. Winkler* [*Jacob Zelenko* of counsel], for the respondent.

LYDON, J. The action is to recover damages for the loss of plaintiff's baggage occurring on a voyage on defendant's steamer

from Cherbourg to Montreal, on which voyage plaintiff was a passenger. Defendant appeared generally and answered. It now moves to dismiss the action on the ground that the courts of this State have no jurisdiction to entertain it.

Plaintiff is a resident of Kansas and defendant is a foreign corporation organized under the laws of the Dominion of Canada. Since defendant has appeared generally there can be no question that the court has jurisdiction of its person. But, it is contended, the defendant is protected against the exercise of jurisdiction in the particular case by the provisions of the Federal Constitution. It is urged that since the defendant is engaged, in this State, only in foreign commerce it would be an unreasonable burden upon that commerce to require defendant to respond here to an action brought by a non-resident upon a cause of action which arose elsewhere. (*Michigan Central R. R. Co.* v. *Mix*, 278 U. S. 492.) Such a burden may not be placed upon foreign commerce by any State, for such commerce is entitled to the same protection as commerce between the States. (U. S. Const. art. 1, § 8.)

If it were clearly shown that the sole business in which defendant is engaged in the State of New York is commerce between the United States and foreign countries (which, of course, is the only foreign commerce protected by the Constitution) it would follow that to compel defendant to respond to the present action, or any other, would cast a burden upon foreign commerce within the meaning of the Constitution as construed by the numerous decisions on the subject. If, however, the business of the defendant within the State is not solely confined to commerce between the United States and foreign countries, it is at least doubtful whether it could be said that the maintenance of the present action, which has nothing to do with such commerce, necessarily cast a burden on that commerce. The affidavits submitted on the motion are not as clear and unequivocal on this point as might be desired, but we pass that point since, in our opinion, the case is governed by another consideration which is controlling.

The prohibition against the imposition by the States of burdens on interstate or foreign commerce is, naturally, not absolute. The instrumentalities of such commerce cannot escape burdens common to the inhabitants of the communities in which they do business. The imposition of burdens is forbidden only when they are unreasonable. (*Davis* v. *Farmers Co-operative Co.*, 262 U. S. 312.) And it is held unreasonable to compel an interstate carrier to respond, in the courts of one State, to an action brought by a non-resident of that State upon a cause of action which arose in another State. (*Michigan Central R. R. Co.* v. *Mix, supra.*) In

such a case the plaintiff must sue in the State where the cause of action arose. But, so far as we know, it has never been held an unreasonable burden upon the carrier to require it to defend in a jurisdiction where it has been properly served or where it has voluntarily appeared, when the only alternative is to require the plaintiff, a citizen of this country, to resort to the courts of a foreign country for relief. That is the present case, for the objections now raised might be made with equal force if the action were brought in any other State of the Union in which defendant might be doing business, except in Kansas, where plaintiff resides; and it is asserted and not denied that an action cannot be brought in Kansas, presumably because the defendant cannot be found there. Whether a given course of conduct is to be pronounced reasonable or unreasonable necessarily requires a consideration of all the pertinent circumstances and justifies a comparison of the consequences of alternative courses. So considered we find it not unreasonable to require the defendant to submit this controversy to the adjudication of the courts of this State. The hardship to plaintiff might be greater if the consequence of a contrary decision would be to send her to Australia or South Africa for relief. But we think it enough to justify our ruling that she would otherwise be compelled to resort to the courts of even a neighboring country. It is to be noted that the decisions in cases of interstate commerce have not gone so far as to require a plaintiff to leave the State in which he resided when the cause of action arose, in order to pursue his remedy. By analogy, we ought not to require plaintiff to leave her own country for that purpose.

Order affirmed, with ten dollars costs and disbursements.

LEVY, J. I concur in result for reasons indicated by me in *Baltimore Pub. Co.* v. *Swedish-Am. Mex. Line, Ltd.* (143 Misc. 229), decided herewith.

CALLAHAN, J. (concurring). I cannot agree with the majority view that the burden which would be cast on plaintiff by refusing jurisdiction has relation to the question whether the defendant is unreasonably burdened by the suit. The test of whether the burden on the defendant is unreasonable is clearly indicated by the decisions to be whether the cause of action involved arose out of business done in the State of the forum. There are many confusing situations which would arise if we applied a test of comparative hardship.

Nor do I agree with the reason assigned by the learned justice below in denying the motion. It appears here that the moving defendant was engaged in this State in " commerce with foreign

nations," as that phrase is used in the Federal Constitution (Art. 1, § 8, subd. 3). Therefore, this commerce is entitled to protection against suits in our courts brought by non-residents based on causes of action having no relation to the business carried on here. That the present suit arose out of a transaction not involving foreign commerce as so defined, *i. e.*, a contract made in Boston, Mass., for carriage from Cherbourg in France to Montreal in Canada, is entirely beside the point. The burden is none the less onerous because the witnesses whom defendant would have to bring here might come to testify in relation to such a contract rather than one of carriage say from Boston to Cherbourg, although on the reasoning below the latter suit need not be met here.

The burden is placed on foreign commerce by compelling a defendant engaged therein to defend a suit arising in a remote place. It does not matter that the transaction out of which the suit arose was not " commerce with foreign nations," as that term is used in the Constitution.

That a defendant, engaged here in foreign or interstate commerce, in addition thereto made contracts to be performed wholly outside this country would not, in my opinion, deprive it of the right to claim exemption from suits of a burdensome nature. It might well be that if the defendant carried on an intrastate business within this State it would lose that right. Or, if the bulk of its business here was of a kind that was not entitled to protection, the courts might hold that the claim of exemption was not to be sustained. In this case neither of these situations exist.

The question remains whether appellant waived the right to relief by a consent to be sued. (See *Baltimore Pub. Co.* v. *Swedish-Am. Mex. Line, Ltd.*, 143 Misc. 229, decided herewith.) The answer raised no claim of exemption from suit. Ordinarily, a general appearance obviates any question of jurisdiction of the person of the defendant. My view is that the objection now raised is one to jurisdiction of the person. (*Baltimore Pub. Co.* v. *Swedish-Am. Mex. Line, Ltd., supra.*) The United States Supreme Court, however, has held that local rules of procedure may not be used to prevent the defendant from urging this kind of objection if seasonably made. (*Michigan Central R. R. Co.* v. *Mix*, 278 U. S. 492.) Therefore, it may be that an objection of this nature could be urged after general appearance, but at least it should appear that the defendant did not have a reasonable opportunity to raise the question before or at the time of answering. There is no such claim made here. I think, therefore, that the right to object has been waived.

I concur in affirmance on this ground.