EsTHER RoJZENBLITT and Another, Plaintiffs, *v.* POLISH TRANS-
ATLANTIC SHIPPING COMPANY, LIMITED, Defendant.

City Court of New York, New York County, December 23, 1936.

*Stanley R. Levy* [*Abraham Dubensky* of counsel], for the plaintiffs.

*Nordlinger, Riegelman & Cooper* [*Jacob I. Charney* of counsel], for the defendant.

NOONAN, J.   Plaintiff moves pursuant to Rules of Civil Practice, rule 104, to strike out the second and third affirmative defenses of the amended answer of the defendant on the ground that the same are sham and frivolous and insufficient in law.

In support of the motion the plaintiff has submitted several affidavits contending that affidavits may be used on this type of motion.   The defendant has not presented any answering proof.

The action of the female plaintiff is based on a claim of personal injuries sustained while she was a passenger on the defendant's vessel *Batory*.   The complaint alleges that the accident was caused by a defective mat in her stateroom while the vessel was on the high seas on its voyage from Gdynia, Poland, to New York city. The second cause of action is brought by her husband to recover for medical expenses and loss of services.

It is a mooted question whether affidavits may be used in support of a motion of this kind. (*Ballard* v. *Knapp,* 152 Misc. 215.) The Appellate Divisions in the First and Second Departments are in conflict on this point. In the First Department it is held that affidavits may not be used. (*Monica Realty Corporation* v. *Bleecker,* 229 App. Div. 184; *Lowe* v. *Plainfield Trust Co.,* 216 id. 72; *Levan* v. *American Safety Table Co., Inc.,* 222 id. 110; *Reed* v. *Neu-Pro Construction Corporation,* 226 id. 70; *King Motor Sales Corporation* v. *Allen,* 209 id. 281.)

The contrary is held in the Second Department. (*Brod* v. *Supreme Dress Co., Inc.,* 243 App. Div. 622; *Liberty Investing Corporation* v. *Huntington Investing Corporation,* 224 id. 867; *Roman Ornamental Plastering Corporation* v. *Fidelity & Deposit Co.,* 239 id. 848; *Flushing Manor, Inc.,* v. *Hotkin,* 234 id. 716.)

In *Fleischer* v. *Terker* (259 N. Y. 60) the Court of Appeals leaves the question unsolved. This court should follow the decisions of the Appellate Division, First Department, and disregard the moving affidavits. The question, then, is whether on their face the separate defenses under attack are sham, *i. e.,* false in fact although good in form. (*Fleischer* v. *Terker, supra.*) The second separate defense alleges that by the terms of the contract of passage no action for personal injuries was maintainable " unless within thirty (30) days after the termination or abandonment of the transatlantic voyage thereunder, written notice of the claim and of the facts upon which it is based, was presented " and that no such notice was given by the plaintiffs to the defendant within the stipulated period. This defense bears on its face no marks of falsity.

Even on the assumption that the moving affidavits may be used to test the defense, its integrity remains unshaken. The written notice claimed to have been sent to the defendant at its New York office, a copy of which is attached to the moving papers, merely states that an accident happened to the female plaintiff as the result of which she suffered injuries. No facts upon which the claim is based are stated in the notice as seemingly required by the provisions of the contract of passage. The motion is, therefore, denied with respect to this second complete affirmative defense.

The third complete affirmative defense alleges that the defendant is a Polish corporation organized and existing under and by virtue of the laws of the Republic of Poland, with its principal place of business and office in the Republic of Poland, and is engaged exclusively in foreign commerce, that is, the transportation of passengers and freight and the transmission of moneys between the United States and foreign countries. It is further alleged that prior to and at the time when the alleged causes of action set forth in the

complaint are alleged to have arisen, plaintiffs and each of them were not residents of or employed in the State of New York, and that the alleged accident to the female plaintiff took place on foreign water not under the jurisdiction of the United States.

The conclusion is then stated that this court has no jurisdiction over the defendant and the subject-matter of the action since the exercise of such jurisdiction would constitute an undue burden upon foreign commerce in violation of the defendant's rights under article 1, section 8, clause 3, and Amendment 14, section 1, of the Constitution of the United States, and article 1, section 6, of the Constitution of the State of New York.

The defense, as pleaded, does not allege that at the time the action was commenced the plaintiffs were not residents of the State of New York. The allegation of non-residence of the plaintiffs is confined to the time the cause of action arose. The court acquired jurisdiction over the person of the defendant by its general appearance and service of an answer. (*Baltimore Pub. Co.* v. *Swedish-America Mexico Line, Ltd.*, 143 Misc. 229; *Brown* v. *Canadian Pacific R. Co.*, Id. 239; *Ball* v. *Nippon Yusen Kaisha*, 142 id. 201; affd., 143 id. 243.)

The question remains whether the court has jurisdiction of the subject-matter which is a tort committed on the defendant's vessel while in foreign waters. (*Robinson* v. *Oceanic Steam Navigation Co.*, 112 N. Y. 315, 324; *Matter of Baltimore Mail S. S. Co.* v. *Fawcett*, 269 id. 379, 386.)

The general jurisdiction of the courts of this State extends to transitory actions against a foreign corporation where the subject of the action is a tort committed outside of the State, if the plaintiffs were residents of the State at the time the action was commenced. (General Corporation Law, § 224; *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.*, 235 N. Y. 152; *Matter of Baltimore Mail S. S. Co.* v. *Fawcett, supra.*) This general jurisdiction is not absolute, but is circumscribed by constitutional limitations. If the trial of an action in the courts of this State by a resident plaintiff against a foreign corporation would place an undue and unreasonable burden upon interstate or foreign commerce not warranted by the requirements of an orderly and effective administration of justice, the court has no jurisdiction under the commerce clause of the United States Constitution (Art. 1, § 8, cl. 3). (*Michigan Central R. R. Co.* v. *Mix*, 278 U. S. 492; 49 S. Ct. 207; 73 L. Ed. 470; *Denver & Rio Grande Western R. Co.* v. *Terte*, 284 U. S. 284; 52 S. Ct. 152; 76 L. Ed. 295; *Matter of Baltimore Mail S. S. Co.* v. *Fawcett, supra.*)

Alien corporations engaged in foreign commerce are accorded equal constitutional exemption fr m suit with those engaged in interstate commerce. (*Baltimore Pub. Co.* v. *Swedish-America Mexico Line, Ltd., supra; Brown* v. *Canadian Pacific R. Co., supra; Ball* v. *Nippon Yusen Kaisha, supra.*)

The ground of the exemption is the compulsory absence of the defendant's employees from their customary occupation, the heavy expense entailed, and the resultant impairment of the efficient operation of the defendant's business which would be occasioned by the attendance of those employees as witnesses in a jurisdiction remote from where the cause of action arose. (*Davis* v. *Farmers Cooperative Equity Co.,* 262 U. S. 312; 43 S. Ct. 556; 67 L. Ed. 996.) There is no proof of such an unreasonable burden upon foreign commerce on this motion. The third separate defense as pleaded sets forth no facts which justify such a conclusion. No serious interference with foreign commerce can be inferred from the mere allegations of the defense. The only witnesses which the defendant might call would be the members of the crew who knew something about the accident. Such witnesses could appear in court without any great inconvenience when the defendant's vessel made one of its customary voyages to New York city.

To support its defense, the defendant on the trial would be obliged to summon certain witnesses. Its willingness to do this shows the anomaly of its defense. If the plaintiffs were residents of New York State at the time the action was commenced, they should not be subjected to the hardship of bringing an action in Poland for a redress of their claims. To await the trial for a determination of the constitutional question presented by the defense might mean the loss of the plaintiffs' rights in the courts of Poland. If there is any actual invasion of the defendant's constitutional rights, some proof of this invasion should have been seasonably made. The test of the unreasonableness of the burden upon foreign commerce is the effective and orderly administration of justice. (*Matter of Baltimore Mail S. S. Co.* v. *Fawcett, supra.*)

Justice is impeded rather than served by permitting such a defense to be litigated at the trial. The general appearance and service of an answer by the defendant must be considered as a waiver of such a defense. (*Baltimore Pub. Co.* v. *Swedish-America Mexico Line, Ltd., supra; Brown* v. *Canadian Pacific R. Co., supra.*) The third separate defense is, therefore, stricken from the answer. Order signed.